**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

MICHAEL B. REED and JAMES
ENGLAND, JR., *et. al.*,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

No. 3:18–cv–00201–TWP–DCP
Hons. Greer/Wyrick

## ANSWER TO THE COMPLAINT

The United States of America submits the following Answer to Plaintiffs' Complaint (ECF

No. 1) as follows[1]:

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Second Defense

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance

or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

---

[1]  At a hearing on July 22, 2019, Plaintiffs' counsel conceded that "90 percent of the case," *i.e.*, all claims of negligence that were not premised on the alleged failure to warn, were barred by the discretionary function exception. *Reed* ECF No. 41 at 4–6.  Given Plaintiffs' concession, the Court denied as moot the United States' motion as it related to all of the claims except for a failure to warn.  *Id*. at 6.  As to Plaintiffs' failure to warn claim, however, the Court determined that the discretionary function exception did not apply because two provisions in the Park Service's Fire Management Plan ("FMP") contained mandatory directives regarding fire-related notifications and warnings.  *Id*. at 6-20.  Plaintiffs' failure to warn claim is the only claim remaining in these lawsuits. On February 7, 2020, the United States filed a factual attack renewed motion to dismiss for lack of subject matter jurisdiction as to Plaintiffs' remaining failure to warn claim.  *See Reed* ECF No. 49-1, *Adkins*, ECF No. 42, *Anculle*, ECF No. 42, *Vance*, ECF No. 24, and *Barnes*, ECF No. 23.

### Third Defense

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

### Fourth Defense

The United States, through employees, did not owe a legal duty to Plaintiffs.

### Fifth Defense

The United States, through employees, did not breach any duty of care owed to Plaintiffs.

### Sixth Defense

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

### Seventh Defense

No acts or omissions of the United States, through employees, were the proximate cause of any injury to Plaintiffs. Plaintiffs' damages were proximately caused by the acts or omissions of third parties over whom the United States has no control. Further, Plaintiffs' damages may have been caused by power lines or forces of nature for which the United States is not liable. Moreover, Plaintiffs' harms were not foreseeable to the United States, and no act or omission of the United States was a substantial factor in Plaintiffs' harms.

### Eighth Defense

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

### Ninth Defense

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be

held liable, broke any causal connection between the United States' negligence and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence.

### Tenth Defense

Plaintiffs' recovery of damages, if any, is limited by Federal and applicable state law.

### Eleventh Defense

Plaintiffs' recovery against the United States, if any, is limited to the amount Plaintiffs have claimed administratively.  28 U.S.C. § 2675(b).

### Twelfth Defense

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act.  28 U.S.C. § 2674.

### Thirteenth Defense

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

### Fourteenth Defense

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

### Fifteenth Defense

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances.  28 U.S.C. § 2674.

### Sixteenth Defense

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery.  The United

States specifically preserves these and other affirmative defenses as may be ascertained through discovery.

**Seventeenth Defense**

As for its fifth defense, the United States submits the following General Answer and Specific Answer in responses to the separate paragraphs of the amended complaint.

**<u>General Answer</u>**

Plaintiffs include 303 footnotes throughout their Complaint. Most of these footnotes consist solely of citations to the Chimney Tops 2 Fire Review Individual Fire Review Report (referred to in the Complaint as the "NPS Report"), the report commissioned by the City of Gatlinburg from ABS Consulting Group, Inc. (referred to in the Complaint as the "ABS Report"), media reports from WATE-TV, the website wildfiretoday.org, and other sources. Plaintiffs acknowledge in the first footnote to the Complaint that these cited sources form the basis of their belief for the allegation for which the source is cited. Accordingly, in the following specific answers, to the extent a footnote cites the source solely as support for a factual allegation, the United States answers the allegation in accordance with Rule 8 by either admitting, denying, or pleading lack of sufficient information with respect to the factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response. However, to the extent a footnote contains a factual allegation, quotes a source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes the findings or conclusions of a report, policy, guideline, or other cited source, the United States answers the allegation in accordance with Rule 8 as part of the following specific answers to each paragraph of the Complaint.

**<u>Specific Answers by Paragraph</u>**

1. The introductory, unnumbered paragraph at page 1 of the Complaint states the nature of the action against the United States to which no answer is required. To the extent an answer is

required, the United States denies these allegations. The first sentence of paragraph 1 of the Complaint states conclusions of law to which no answer is required; they are therefore denied. The United States admits the allegations of the second sentence of paragraph 1. The United States denies the allegations of the third sentence of paragraph 1, except to admit that the fire was small and officials believed it could be controlled inside the Park. The United States denies the factual allegation of footnote 2 that the alleged definition of a wildfire that is the "best understood" description. The United States denies the remaining allegations.

2. The United States denies these allegations.

3. The United States admits that the fire "grew in size" and that "high winds came" on Monday, November 28, 2016, and that by 6:08 p.m. that evening, the fire had escaped the Park, aided by "hurricane force winds." The United States lacks information sufficient to form a belief as to whether Gatlinburg fire officials referred to the fire as "an ember storm." The United States denies the remaining allegations.

4. These allegations are not statements of fact but are conclusions of law and descriptions of the nature of the action to which no response is required. To the extent that an answer is required, the United States denies the allegations.

5. The United States admits that Plaintiff Michael B. Reed submitted an administrative claim for damages signed February 17, 2017, to the Department of the Interior. The United States lacks information sufficient to form a belief as to the relationship between Plaintiff Reed and the individuals named in this paragraph. The remainder of the paragraph states conclusions of law to which no response is required.

6. The United States admits that Plaintiff James L. England submitted a claim for damages signed January 10, 2017, to the Department of the Interior. The remainder of the paragraph states conclusions of law to which no response is required.

7.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, the United States admits that more than six months have elapsed since submission of Plaintiffs' administrative claims to the Department of the Interior.

8.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, the United States admits that at the time the Complaint was filed, the Department of the Interior had not resolved nor denied Plaintiffs' administrative claims.

9.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, the United States admits that the National Park Service is a component of the Department of the Interior, an agency of the United States, and denies the remaining allegations.

10.     These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, the United States denies the allegations.

11.     These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, the United States admits that the acts complained of occurred within the Eastern District of Tennessee and that venue is proper.

12.     The United States admits that at the time the Chimney Tops 2 Fire began, drought conditions existed in the Park and that normal leaf fall was underway.  The United States denies the remaining allegations.

13.     The United States admits that "mountain waves" may occur in the western foothills of the southern Appalachian Mountains from November through March.  The United States denies the remaining allegations.

14.     The United States admits the allegations of the first sentence.  The United States lacks information sufficient to form a belief as to the allegations of the second sentence.

15.     The United States admits that on Wednesday, November 23, 2016, at approximately 5:20 p.m., a small fire of less than 1.5 acres was discovered by Salansky near the top of the Chimney Tops area, and that the rocky, steep terrain presented a safety risk to firefighters.  The United States denies the remaining allegations.

16.     The United States admits that Salansky and the Park's senior leadership developed a containment plan inside an approximately 410-acre containment area, utilizing, among other things, natural features, including trails, creeks, and constructed fire lines.  The United States admits that the quoted words are found in the cited document.  The allegations of footnote 4 are not statements of fact but are conclusions of law to which no response is required.  To the extent an answer is required, the United States denies the allegations of the first sentence of footnote 4, which asserts that "government agencies" (without further elaboration) exert "absolute" authority in wildfire decision-making; denies the allegations of the second sentence of footnote 4, which asserts that "[t]he government" (without further elaboration) "controls" firefighting efforts; and lacks information sufficient to form a belief as to the truth of the assertion that "private individuals" do not "get to make decisions" about which resources "the government" (without further elaboration) will employ "during a wildfire."  The United States denies the remaining allegations.

17.     The United States denies these allegations.

18.     The United States admits that Salansky functioned as the Appalachian Piedmont Zone Fire Management Officer, responsible for 19 other National Parks, and the Great Smoky Mountains National Park Fire Management Officer.  The United States admits that the definition of ICTs in footnote 8 is found in the Montrose District Wildfire Protection and Management document

from Colorado, but denies that it has any bearing in this action. The United States denies the remaining allegations.

19. The United States denies these allegations.

20. The United States denies these allegations.

21. The United States denies these allegations.

22. The United States lacks information sufficient to form a belief as to what referenced wildland firefighters believed. The United States denies the remaining allegations, including the allegations of footnote 10.

23. The United States admits that the National Weather Service issued a forecast on Saturday, November 26, 2016, of rain and higher winds than previously forecast. The United States denies the remaining allegations.

24. The United States admits that Salansky ordered additional resources on Saturday, November 27, 2016, but denies any characterization that this was this first time Salansky or other Park officials acted. The United States denies the remaining allegations.

25. The United States admits that on Monday morning, November 28, 2016, the Chimney Tops 2 Fire had expanded. The United States denies the remaining allegations.

26. The United States admits that by 6:08 p.m. on Monday, November 28, 2016, the fire had spread beyond the Park's boundary, carried by high winds. With respect to footnote 13, the United States admits that the "ABS Report" was prepared by ABSG Consulting Inc. The United States lacks information sufficient to form a belief as to the nature of ABS's work. The United States denies the remaining allegations.

27. The United States lacks information sufficient to form a belief as to what a "team of experts" hired by Gatlinburg and Pigeon Forge concluded or the basis for their conclusions, or whether a GFD Captain called the Park. The United States denies the remaining allegations.

28.     The United States denies these allegations.

29.     The United States lacks information sufficient to form a belief as to what "numerous firefighters have opined." The United States denies the remaining allegations.

30.     The United States admits that William Kaage was, at all relevant times, the Division Chief of Fire and Aviation Management for the National Park Service, that he issued the delegation of authority for the Chimney Tops 2 Fire Review, and that an interagency fire review team reviewed and compiled findings on the fire. The United States denies the remaining allegations.

31.     The United States lacks information sufficient to form a belief as to whether the ABS Report was commissioned by the City of Gatlinburg and Sevier County. The United States admits that the quoted language is found in the cited document, but denies that the quoted language fully and accurately summarizes the findings and conclusions of the ABS Report. The United States denies the remaining allegations.

32.     These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

33.     These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States admits that Michael B. Reed filed this action individually and as surviving spouse and next of kin of Constance M. Reed and as surviving parent of Chloe E. Reed and Lillian D. Reed, and lacks information sufficient to form a belief as to the remaining allegations.

34.     The United States admits that Chalet Village is on the west side of Gatlinburg, parts of which are off Ski Mountain Road, and that Dolly Parton is a legendary country singer. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

35.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

36.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

37.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

38.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

39.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

40.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

41.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

42.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

43.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

44.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States denies these allegations.

45.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States denies these allegations.

46.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States admits that James L. England filed this action against the United States.

47.     The United States admits that the Greystone Heights neighborhood is generally located behind Ripley's Aquarium north of downtown Gatlinburg.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

48.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

49.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

50.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States denies these allegations.

51.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States denies these allegations.

52.     The United States admits that it is the Defendant in this action, and that the National Park Service is a component of the Department of the Interior.  To the extent the paragraph sets forth conclusions of law, no response is required.  To the extent an answer is required, the United States denies these allegations.

53.     The United States admits that the National Park Service is a component of the Department of the Interior, which is an agency of the United States.  The remaining allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States admits that certain "fire managers" were governmental employees acting within the scope of their employment, and denies the remaining allegations.

54.     These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, the United States admits those are the addresses for the Office of the Attorney General and the United States Attorney for the Eastern District of Tennessee, and denies the remaining allegations.

55.     The United States admits the allegations of the first sentence.  The United States admits that Cash was scheduled to be off work from November 24 to 27, 2016, and that he returned to the Park on Monday, November 28, 2016.  The United States admits that Clayton F. Jordan was, at all relevant times, the Deputy Superintendent of the Great Smoky Mountains National Park.  The United States denies the remaining allegations.

56.     The United States admits that Clayton F. Jordan was, at all relevant times, Deputy Superintendent of the Great Smoky Mountains National Park.  The United States admits that Jordan shared responsibility for day-to-day operations of the Park, including visitor and resource protection, natural and cultural resource management, facility management, and other responsibilities at the Park.  The United States denies the remaining allegations.

57.     The United States admits that Steve Kloster was, at all relevant times, the Chief Ranger of the Great Smoky Mountains National Park, and shared responsibility for overseeing employees in the Resource and Visitor Protection Division, which performs law enforcement duties, search and rescue operations, and other responsibilities.  The United States admits the allegations of the second and third sentences.  The United States denies the remaining allegations.

58.     The United States admits these allegations.

59.     The United States admits these allegations.

60.     The United States admits that the Fire Management Plan ("FMP") states that a "purpose of the Fire Management Committee is to provide consistent and coordinated management of wildfires."  The United States admits the allegations of the second sentence.  The United States

admits that the FMP lists among the responsibilities of the Fire Management Committee those listed in the third sentence. The United States denies the remaining allegations.

61.     The United States lacks information sufficient to form a belief as to the truth of these allegations.

62.     The United States admits that Gregory A. Miller was, at all relevant times, the Fire Chief for Gatlinburg. The United States lacks information sufficient to form a belief as to the truth of the allegations of the first sentence. The United States admits that Miller met with Park fire managers and Gatlinburg Police Department officials about the fire on Monday, November 28, 2016. The United States lacks information sufficient to form a belief as to the truth of the assertion made in footnote 19. The United States denies the remaining allegations.

63.     The United States admits that Randy Brackins was, at all relevant times, the Chief of Police of Gatlinburg. The United States lacks information sufficient to form a belief as to the truth of the allegations of the first sentence.   The United States also admits that Brackins met with Park fire managers and Gatlinburg Fire Department personnel about the fire on Monday, November 28, 2016. The United States lacks information sufficient to form a belief as to whether Brackins' department "led the evacuation efforts." The United States denies the remaining allegations.

64.     The United States admits that Tony Watson was, at all relevant times, the Chief of the Pigeon Forge Fire Department. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

65.     These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

66.     These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

67.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

68.	These allegations are not statements of fact but are conclusions of law to which no answer is required; they are therefore denied. To the extent an answer is required, the United States admits that the Federal Tort Claims Act's discretionary function exception shields from liability policy-based judgments made by the National Park Service that are reflected and set forth in the FMP, DO #18, RM 18, the Redbook, the FMH, and other NPS or Park policies. The United States denies the remaining allegations.

69.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

70.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States admits that fire-management decisions are susceptible to policy analysis and are decisions barred by the FTCA's discretionary judgment exception. The United States denies the remaining allegations.

71.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States admits that Salansky's decision to use an indirect attack to contain the fire was a policy-based discretionary decision. The United States denies the remaining allegations.

72.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

73.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

74.	These allegations are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, the United States denies these allegations.

75.     The United States admits these allegations.

76.     The United States admits these allegations.

77.     The United States admits these allegations.

78.     The United States admits these allegations.

79.     The United States admits the allegations of the first three sentences, except to deny that the Park provides "protection" for Sevier County.  The United States lacks information sufficient to form a belief as to the extent tourism plays in the county's economy.

80.     The United States admits these allegations, except that it lacks information sufficient to form a belief as to whether a "nearly continuous tourist sprawl" has emerged in the three communities.

81.     The United States admits these allegations.

82.     The United States admits that Routh 441 is a main traffic road in Gatlinburg, running through town north and south, and denies the remaining allegations of the first sentence.  The United States admits the remaining allegations.

83.     The United States admits these allegations, except that it lacks information sufficient to form a belief as to the number of annual visitors to Pigeon Forge or its population in 2016.

84.     The United States admits that wildfires play a crucial role in the natural life cycle of the Great Smoky Mountains.  The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

85.     The United States admits that the National Park Service has utilized prescribed burns to control the amount of flammable fuel on a forest floor, and that, at the time this action was filed, Dr. Henri Grissino-Mayer was a professor at the University of Tennessee Knoxville.  The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph,

including those in footnote 27. The United States denies that Park officials have ignored any science-based warnings. The United States denies any remaining allegations.

86. The United States admits that duff consists of woodland debris that accumulates on the forest floor. The United States denies that the duff in the area of the Chimney Tops 2 Fire was as deep as three feet. The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

87. The United States admits that a drought existed at the time of the fire. The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

88. The United States admits that drought conditions existed in the area of the Great Smoky Mountains for parts of October and November 2016, and denies the remaining allegations of the second sentence. The United States lacks information sufficient to form a belief as to whether the drought was historic in the South, whether summer 2016 was "one of the driest on record," or whether there was "a busy fire season through Fall." The United States denies the remaining allegations in this paragraph.

89. The United States admits that the Keetch-Byram Drought Index ("KBDI") is a fire-assessment tool that is an estimate of the amount of precipitation (in 100ths of inches) needed to bring soil back to saturation (a value of 0 being saturated), and that in November 2016 the KBDI was approximately 599. The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

90. The United States admits that a KBDI of 600 or more indicates severe drought. The United States lacks information sufficient to form a belief as to the allegations in this paragraph.

91. The United States admits that the quoted language is found in the FMP, but denies the characterization intended by the partial quotation. The United States admits that the KBDI in

November 2016 was above 599, but lacks information sufficient to form a belief as to the remaining allegations.

92.     The United States admits that on November 1, 2016, the Park banned all back-country fires, and then banned all fires two weeks later.  The United States lacks information to form a belief as to the remaining allegations.

93.     The United States admits that Salansky was the Appalachian-Piedmont Zone Fire Management Officer and Great Smoky Mountains National Park Fire Management Officer.  The United States admits that the quoted language appears in the NPS Report, but denies that it is a complete quote or that the characterization is accurate.  The United States denies the remaining allegations.

94.     The United States admits that the quoted language appears in the cited document.  The United States admits that a Type 6 engine and two firefighters were brought on as resources, and that no leave requests were canceled on November 23, 2016, and that National parks have the ability to request the use of fire suppression funds.  The United States denies the remaining allegations.

95.     The United States admits the allegations of the first two sentences.  The United States admits that Salansky, after walking out to Chimney Tops, discovered a fire near the northeast peak of Chimney Tops; that the peak of Chimney Tops is about 4,800 feet above sea level, and that Gatlinburg is approximately 5.5 miles from the Chimney Tops peak; and that a recent earlier fire had been designated "Chimney Tops 1" and that the fire observed by Salansky was designated "Chimney Tops 2."  With regard to the first sentence of footnote 38, the United States admits that the NPS Report makes reference to a call about a car fire at about 5:00 p.m. on Wednesday, November 23, 2016, but lacks information sufficient to form a belief as to what Gatlinburg City call records show.  The United States denies the remaining allegations.

96.     The United States admits the allegations of the first sentence.  The United States admits the allegations of the second sentence, except that it lacks information sufficient to form a belief as to the exact year that the area was closed.  The United States admits the allegations of the third sentence.

97.     The United States admits the allegations of the first two sentences.  The United States admits that the quoted language in the third sentence appears in the cited source, but lacks information sufficient to form a belief as to whether the quote is accurate.  With respect to the description of a fire line in footnote 45 to this paragraph, the United States admits that the general description of a fire line is correct, but denies that the description cited by Plaintiffs, which comes from an apparently Idaho-based website, is an official Park document or has been adopted by the United States as an official description of a fire line or its features and behavior.  The United States denies the remaining allegations.

98.     The United States admits that Salansky turned back and met up with Deming.  The United States admits that the quoted language appears in the cited source, but lacks information sufficient to form a belief as to whether the quote is accurate.  The United States denies the remaining allegations.

99.     The United States admits the allegations of the first sentence.  The United States denies the allegations of the second sentence with respect to the size of the fire.

100.     The United States admits that Jeff Troutman was the Park's Chief of Resource Management and Science and had a supervisory role with respect to Greg Salansky, the Park Fire Management Officer.  The United States also admits that Steve Kloster was the Chief of Resource and Visitor Protection.  The United States denies the remaining allegations.

101.     The United States admits that Troutman was Salansky's supervisor.  The United States denies the remaining allegations.

102.     The United States admits that Kloster was Chief of Resource and Visitor Protection. The United States denies the remaining allegations.

103.     The United States admits that the quote immediately below the section header is found in the cited document.  The United States admits the allegations of the first sentence of paragraph 103.  The United States admits that the 2006 National Park Service Management Policies ("NPS Management Policies") was the most recent version of the policies at all times relevant to this action, and that the Director's Orders, other handbooks and reference manuals also provided guidance.  The United States denies the remaining allegations.  The United States admits that Exhibit 9 is a true and accurate copy of the 2006 NPS Management Policies.

104.     The United States admits that National Park Service Management Policies provides that parks with vegetation capable of burning will prepare a fire management plan, and that the quoted language is found in DO # 18.  The United States denies the third sentence's characterization of the National Park Service Management Policies, but admits that Management Policies provides that fire management plans "will be designed to guide a program that

•     responds to the Park's natural and cultural resource objectives;
•     provides for safety considerations for Park visitors, employees, and developed facilities;
•     addresses potential impacts on public and private neighbors and their property adjacent to the Park; and
•     protects public health and safety."

The United States denies the remaining allegations.

105.     The United States admits that the Fire Management Plan ("FMP") adopts two Fire Management Units ("FMUs"), and admits that the description of the FMUs in the second, third, fourth, and fifth sentences is found in the FMP at the cited locations.  The United States admits that the Chimney Tops area is within FMU2.

106.    The United States admits that DO #18 provides guidance for wildland fire management and was in effect at all times relevant to this action.  The United States admits that DO #18 "states the basic principles and strategic guidelines government the management of wildland fire by the National Park Service (NPS)."  The United States admits that the quoted language in this paragraph is found in DO #18, but denies that the quotation is complete and that the characterization of the document is accurate.  With respect to footnote 61, the United States admits that DO #18 was issued pursuant to 16 U.S.C. §§ 1-4.  The United States denies the remaining allegations.

107.    The United States admits that the quoted language of the first sentence is found in DO #18, but denies that the quotation is complete and that the characterization of the sentence is accurate.  The United States admits that the quoted language of the second sentence is found in DO #18.

108.    The United States admits that wildfires are typed in various ways, including by complexity, with Type 5 being least complex to Type 1 being most complex.  The United States admits that the Incident Command System is an organizational management structure based on the complexity of the incident.  The United States admits that the 2016 Interagency Standards for Fire and Aviation Operations is called the Redbook, and that the 2016 edition was in effect at all times relevant to this action.  The United States admits that the Redbook provides guidance for the National Park Service and the other agencies listed in footnote 65.  The United States denies that the quotations in the Redbook, which apparently come from the 2017 edition of the Redbook, are accurate to the 2016 edition.  The United States denies that the portion of the Redbook quoted in the third sentence of the paragraph is accurate to the 2016 edition.  To the extent footnote 65 quotes the Redbook, the United States admits that the quoted portion is found in the 2016 edition of the Redbook, but at a different location than that cited.  To the extent the allegations in this paragraph

seek to quote and characterize the information found in the 2016 Redbook, the United States denies that the quotation is complete and that the characterization is accurate.

109.     To the extent this paragraph purports to quote language from the 2016 Redbook, the United States denies that the quoted portion that constitutes the second sentence of the paragraph is accurate.  The United States admits that the remaining portions of the paragraph and footnote 67 are found in the 2016 edition of the Redbook, but at different locations than that cited.  The United States denies that these quotations are complete or accurately characterized.

110.     The United States admits that Salansky assumed the role of Incident Commander of the Chimney Tops 2 Fire, and that the fire was discovered on November 23, 2016, but denies the remaining allegations.

111.     The United States admits that on November 25, 2016, Salansky completed a complexity analysis for the fire and wrote the cited quote on the form.  The United States admits that Salansky continued in the role of IC.  The United States denies the remaining allegations of the paragraph.  The United States denies that the quoted portions of footnote 70 is accurate to the 2016 edition of the Redbook.  To the extent the allegations in this paragraph seek to characterize the information found in the 2016 Redbook, the United States denies that the characterization is accurate.  The United States admits that the block quote of footnote 71 is found in the FMP.  To the extent the allegations in footnote 71 seek to characterize the information found in the FMP, the United States denies that the characterization is accurate.  With respect to footnote 72, the United States admits that the fire was designated a Type 3 fire on Monday, November 28, 2016, but denies the remaining allegations of footnote 72.  The United States denies any remaining allegations.

112.     The United States admits that the quotation in the second sentence is found in the NPS Report, but denies the characterization of the Fire Review Team's conclusions in this paragraph.  The United States admits that Cash, Jordan, Troutman, and Kloster did not participate in

the preparation of the complexity analysis, but denies any allegation that they were required to do so. With respect to footnote 73, the United States admits that the KBDI value in November 2016 was 599, and that the quoted language appears in the FMP but denies that the quotation is complete and that the characterization is accurate. The remaining allegations are denied.

113.    The United States admits that Salansky was the Appalachian-Piedmont Zone Fire Management Officer, and that the Zone includes 19 national park units. The United States admits that Salansky was the Great Smoky Mountains National Park Fire Management Officer. The United States admits that the quoted portions found in the bullet points in this paragraph are found in the 2016 Redbook, but at a different location than cited. To the extent the allegations in this paragraph seek to characterize the information found in the 2016 Redbook, the United States denies that the quotation is complete and that the characterization is accurate. The United States denies the remaining allegations.

114.    The United States admits that Salansky was functioning as the Incident Commander on Wednesday, November 23, 2016. The United States admits that the second, third, and fourth sentences accurately reflect information found in the Fire Management Plan. To the extent the allegations in this paragraph seek to characterize the information found in the Fire Management Plan, the United States denies that the characterization is accurate. The allegations in the final sentence are relevant solely to claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations. With respect to footnote 81, the United States admits that the quoted language is accurate and found in the 2016 Redbook, but at a different location than that cited. To the extent the allegations in this paragraph (and footnote) seek to characterize information found in the 2016 Redbook, the United States denies that the quotation is complete and that the characterization is accurate.

115.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

116.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

117.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

118.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

119.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

120.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quoted language is found in the NPS Fire Review Report, but denies that the

quotation is complete and that the characterization of the report or of the Fire Review Team's conclusions is accurate. The United States denies the remaining allegations.

121. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the fire grew from a small smoldering fire under the duff to a larger fire on late Sunday, November 27, 2016, into Monday, November 28, 2016, and that Salansky was one of those in charge of managing the Chimney Tops 2 Fire. The United States denies the remaining allegations.

122. The United States admits that a Type 1 Incident Management Team assumed command, but denies that it was on Tuesday, November 29, 2016. The remaining factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the remaining allegations, except to admit that the named individuals held the positions identified.

123. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the Park identifies additional measures and staffing needs that should be taken to provide appropriate response to wildland fires. With respect to footnote 90, the United States admits that the quoted language is found in DO #18, but denies that the quotation is complete and that the characterization of the information is accurate. The United States denies the remaining allegations contained in this paragraph.

124. The United States denies these allegations.

125.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that some employees with fire-management duties were granted leave over the Thanksgiving Day weekend; that some leave was not initially canceled when the Chimney Tops 2 Fire started; that Salansky and Park management did not think that there was an immediate need to recall staff; and that the Park submitted a severity packet on November 4, 2016, weeks before the fire started, which did not seek a duty officer position.  With respect to footnote 94, the United States admits that the language quoted is found in the NPS Report, but denies that it is complete or that the characterization of the information is accurate.  The United States denies the remaining allegations.

126.    With respect to the unnumbered paragraph after the section heading, the United States admits that the quoted language appears in the 2016 Redbook, but not at the page location cited.  With respect to paragraph 126, the factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that Salansky was concerned about pollution from water drops and did not think the size of the fire warranted water drops when the fire was small and contained to the Chimney Tops.  The United States denies the remaining allegations.

127.    The United States admits that on Thursday, November 24, 2016, Salansky and four other firefighters hiked up to Chimney Tops, and that the sign quotation is correct, but denies that it is a complete quote.  The United States admits that the Salansky quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  The United States denies the remaining allegations.

128.     The United States admits the allegations of the first, second, third, and fourth

sentences.  The United States denies the allegations of the fifth sentence.  The United States admits

that the Salansky quote is found in the cited document, but lacks information sufficient to form a

belief as to whether the quote in this paragraph is accurate.  The United States denies the remaining

allegations.

129.     The United States admits that the Salansky quote is found in the cited document, but

lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

The United States denies the remaining allegations.

130.     The factual allegations contained in this paragraph are relevant solely to a claim or

claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required.  To the extent a response is required, the United States

lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate,

and denies the remaining allegations.

131.     The factual allegations contained in this paragraph are relevant solely to a claim or

claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required.  To the extent a response is required, the United States

admits that Deputy Superintendent Jordan approved of the plan to contain the fire, and denies the

remaining allegations.

132.     The factual allegations contained in this paragraph are relevant solely to a claim or

claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required.  To the extent a response is required, the United States

admits that the Park staffed 18 firefighters and that a portion of them were on the scene each of the

days alleged.  The United States lacks information sufficient to form a belief as to the allegations in

footnote 104 as to what retired firefighters have observed. The United States denies the remaining allegations contained in this paragraph.

133. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language is found DO #18, but denies that the quotation is complete and that the characterization of that information is accurate. To the extent this paragraph quotes the Redbook, the United States admits that the block-quoted portion is found in the 2016 edition of the Redbook, but at a different location than that cited. To the extent the allegations in this paragraph seek to characterize the information found in the 2016 Redbook, the United States denies that the characterization of the document is accurate. The United States denies the remaining allegations.

134. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language is found DO #18, but denies that the quotation is complete and that the characterization of that information is accurate. The United States denies the remaining allegations.

135. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quote in the first sentence is accurate. With respect to footnote 109, the United States admits that Salansky had authority to request aviation resources and that Kloster held the responsibilities listed, but denies that he held sole responsibility. The United States denies the remaining allegations.

136.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that Salansky did not request aviation resources on Friday, November 25, 2016.  The United States denies the remaining allegations.

137.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that Salansky decided not to make a direct attack on the Chimney Tops 2 Fire upon discovery of the fire because of concerns for firefighter safety, among other reasons, and that the fire management included Salansky, Kloster, and Jordan.  The United States denies the remaining allegations.

138.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the containment box was delineated on paper and used topographic and natural barriers, roads, and trails to contain the fire, but denies that was solely all the containment effort relied on.  The United States denies the remaining allegations.

139.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

140.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States admits that to effectuate the completion of the "containment box," firefighters likely would need to clear fire lines to the south and west of Chimney Tops. The United States denies the remaining allegations.

141. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that firefighters scouted areas for fire lines and, with respect to footnote 117, admits that fire lines were constructed. The United States denies the remaining allegations.

142. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that Salansky and firefighters scouted below the fire to identify places for the construction of fire lines, and denies the remaining allegations, including the allegations of footnote 119.

143. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

144. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies that hot shot crews were available and lacks information sufficient to form a belief as to the remaining allegations.

145.     The factual allegations contained in this paragraph and footnote are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to their truth.

146.     The United States lacks information sufficient to form a belief as to what David Hotz did or said.  As to the final sentence, the United States admits that the NWS issued a weather forecast at 3:21 a.m. and that the phrase "strong southerly winds" is found in that forecast, but denies the remaining allegations and denies the characterization of the forecast as set forth in this paragraph.

147.     The United States lacks information sufficient to form a belief as to the frequency of mountain waves in the Great Smoky Mountains National Park or their frequency in the months of November through March in the location described.  The United States admits that mountain waves occur, and that they are caused by winds driven by a low-pressure system of air flow from the south that pick up momentum as they crest a mountaintop, that then collide with a high-pressure system, causing the air to move down the mountain.  The United States admits that observation towers in the Park observed speeds as high as 110 mile per hour during the event.  The United States denies the remaining allegations.

148.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to their truth.

149.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States

admits that at approximately 8:00 a.m. on Saturday, November 27, 2016, Salansky briefed eight firefighters and sent three of them to scout for fire line construction, and that Salansky and other firefighters hiked to Chimney Tops and assessed the fire to be between 6 and 8 acres in size, and denies the remaining allegations.

150.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent an answer is required, the United States admits that Salansky considered a fire line in a drainage area and decided not to construct a line at that location due to danger posed to firefighters by the topography.  The United States admits that the quotes are found in the cited document, denies that the quotes are complete, and lacks information sufficient to form a belief as to whether the quotes in this paragraph is accurate.  The United States denies the remaining allegations.

151.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent an answer is required, the United States admits that as of Saturday, November 26, 2016, Salansky believed the containment box would contain the fire.  The United States admits that the quotes are found in the cited document, denies that the quotes are complete, and lacks information sufficient to form a belief as to whether the quotes in this paragraph is accurate.  The United States denies the remaining allegations.

152.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to what firefighters agreed and denies the remaining allegations.

153.    The United States denies these allegations.

154.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that Salansky requested a near-term fire behavior projection from an analyst in Asheville, North Carolina, and received the results on Saturday, November 26, 2016.  The United States admits the allegations of the second sentence.  The United States denies the remaining allegations.

155.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the partial Salansky quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  The United States denies the remaining allegations.

156.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

157.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quote is found in the cited document, but it lacks information sufficient to form a belief as to whether the quote is accurate, and denies the remaining allegations.

158.    The United States admits that at about 5:00 p.m. on Sunday, November 27, 2016, Salansky and firefighters hiked from the area of the fire to the trail head, and that weather stations

recorded relative humidity ranging from 7% to 14%. The United States denies the remaining allegations.

159. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language in footnote 137 is found in the cited documents, and denies the remaining allegations.

160. The United States admits that by Saturday night, November 27, 2016, Salansky had not directly contacted local officials about the Chimney Tops 2 Fire. The United States avers that the Park Service provided early and continuous information about fire management activities and other information about the Chimney Tops 2 Fire from the time of the discovery of the fire to the public, local residents and officials, Park neighbors, and visitors, in the exercise of its discretion. The United States denies the remaining allegations.

161. With respect to the unnumbered paragraph after the section heading, the United States admits that the quoted language appears in the cited document. With respect to paragraph 161, the United States admits that a requested Spot Weather Forecast, issued at approximately 7:00 a.m. on Sunday, November 27, but lacks information sufficient to form a belief as to its contents or the quotation attributed to a Park employee. With respect to footnote 139, the United States lacks information sufficient to form a belief as to what "experience wildland firefighters" believed. The United States denies the remaining allegations.

162. The United States admits the allegations of the first and second sentences. The United States admits that the Salansky quotes appear in the cited document, but denies that the quotations are complete, lacks information sufficient to form a belief as to whether the quotes are accurate, and denies that the characterization of the quotes is accurate. The United States admits

that the quoted language appears in the NPS Report, but denies that the quotations are complete and that the characterization of the information is accurate. With respect to footnote 143, the United States admits that those resources were requested by Salansky. The United States denies the remaining allegations.

163.    The United States admits that by Sunday morning, November 27, 2016, the fire had grown. The United States admits that a Special Weather Statement issued at 9:03 a.m. that morning, and that the quoted language of the forecast appears in the cited document, but denies that the quotation is complete and that the characterization is accurate. The United States admits that the Salansky quote appears in the cited document, but denies that the quotation is complete, and lacks information sufficient to form a belief as to whether the quote is accurate. The United States denies the remaining allegations.

164.    The United States admits that fire information signs that showed the planned containment area were posted in the area, but denies the remaining allegations.

165.    The United States denies these allegations.

166.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that on Sunday, November 27, 2016, reinforcement firefighters arrived at the Park, a Chinook Type 1 helicopter arrived at about 1:00 p.m. and began dropping water on the fire, that two helicopters arrived at about 3:00 p.m. and dropped water on the fire until dark. The United States lacks information to form a belief as to the truth of the remaining allegations as to the types of drops made by aircraft support. The United States denies the remaining allegations.

167.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language appears in the NPS Report, and lacks information sufficient to form a belief as to whether the remaining allegations are accurate, including the allegations of footnote 147.

168.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits these allegations but denies the characterization created by the use of the word "despite."

169.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits the allegations of the first sentence and denies the remaining allegations.

170.     The United States admits the allegations of the first sentence. The United States admits that thermal imaging showed that the fire perimeter was "near" the edge of the southwestern line of the "containment box," but denies the remaining allegations of the second sentence. The United States lacks information sufficient to form a belief as to the remaining allegations.

171.     The United States admits the allegations of the first sentence. The United States admits that Salansky took the firefighters to a lookout off Newfound Road Gap, and he informed firefighters where they would be working on Monday, November 28, 2016. The remaining allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

172.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language appears in the FMP, but denies that the quotation is complete and that the characterization of the information is accurate. The United States lacks information sufficient to form a belief as to whether the remaining allegations are accurate.

173.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits to the allegations of the first and second sentences, but lacks information sufficient to form a belief as to what was made evident to firefighters. The United States denies the remaining allegations.

174.    The United States admits the allegations of the first sentence. The United States also admits that Salansky released all fire personnel at approximately 8:15 p.m on Sunday, November 27, 2016. The remaining factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits the allegations of the third sentence, and denies the remaining allegations.

175.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

176.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

177.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States lacks information sufficient to form a belief as to the truth of the allegations.

178.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the NPS Fire Monitoring Handbook refers to DO #18, and that neither DO #18 nor Reference Manual 18 describes or directs the manner in which wildfires are to be monitored, and denies the remaining allegations.

179.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the Fire Management Handbook addresses the documenting, managing, and monitoring of wildland fires, and denies the remaining allegations.

180.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quoted language is found in the cited documents, but denies that the quotations are complete and that the characterization of the information is accurate.  The United States denies the remaining allegations.

181.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States admits that Molly Schroer was a Park employee and denies the remaining allegations.

182. The United States admits that at 4:05 a.m. on Monday, November 28, 2016, the National Weather Service issued a forecast, and that the quoted language appears in the forecast, but denies that the quotation is complete and that the characterization of the information is accurate. The United States admits that the wind speeds at Indian Grave began increasing and became more consistently out of the south and southwest. The United States denies the remaining allegations.

183. The United States admits that at approximately sunrise on Monday, November 28, 2016, the firefighters discovered at least one spot fire approximately a half-mile to one mile away near the Chimney Tops Picnic Area, and that Salansky arrived at the Park at approximately 7:00 a.m. and was aware of the National Weather Service forecast issued at 4:05 a.m. The United States lacks information sufficient to form a belief as to what people in Gatlinburg observed. With respect to footnote 165, the United States admits that flying embers can create spot fires at further distances, but denies the remaining allegations of this footnote, and denies the remaining allegations of this paragraph.

184. The United States admits these allegations.

185. The United States admits that smoke was spotted near Bullhead Spur Ridge, approximately a half-mile to one mile north of the Chimney Tops 2 Fire, on the morning of Monday, November 28, 2016. The United States lacks information sufficient to form a belief as to the remaining allegations.

186. The United States admits that Salansky estimated the fire to be between 250 and 500 acres and that at 7:30 a.m., some of the Park's senior leadership, including Jordan, Kloster, and Troutman, arrived at the Chimney Tops Picnic Area, and that Salansky joined them at approximately 8:00 a.m. The United States also admits that a decision was made to order a Type 2

Incident Management Team, and that The Chimney Tops 2 Fire was still 4.5 miles away from Gatlinburg and separated by several mountain drainages. The United States denies the remaining allegations.

187. The United States admits the allegations of the first sentence. The United States admits that Salansky requested a Type 2 IMT and four 20-person crews from the Tennessee Interagency Coordination Center, as well as a Type 3 IMT in Johnson City, Tennessee. The United States admits that the Salansky quotes are found in the cited documents, but lacks information sufficient to form a belief as to whether the quotes are accurate. The United States denies the remaining allegations, including the allegations of footnote 172.

188. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations of the first sentence, lacks information sufficient to form a belief as to the truth of the second and third sentences, and denies the remaining allegations.

189. The United States admits that the Jordan quote is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate. The United States lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

190. The United States denies these allegations.

191. The United States admits that the Jordan quote is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate. The United States lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States denies the remaining allegations.

192.    With respect to the unnumbered paragraph after the section heading, the United States admits that the quoted language appears in the cited document.  With respect to paragraph 192, the United States denies these allegations.  The United States lacks information sufficient to form a belief as to whether the quote in footnote 180 is accurate, or what a "former Park Ranger" said.  The United States denies the remaining allegations.

193.    The United States lacks information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that, with respect to footnote 183, the quoted language appears in the ABS Report.

194.    The United States admits that Salansky successfully reached Captain Puckett at 10:58 a.m. to discuss the potential impact of the fire, and denies the remaining allegations.

195.    The United States admits that the Salansky quotes appear in the cited document, but denies that the quotations are complete and that the characterization of the quotes is accurate.  The United States lacks information sufficient to form a belief as to whether the quotes are accurate. The United States denies the remaining allegations.

196.    The United States admits that the Spot Weather Forecast was issued at 7:00 a.m. on Sunday, November 27, 2016, and denies the remaining allegations, including the allegations of footnote 188.

197.    The United States admits that the quoted language is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate.  The United States denies the remaining allegations.

198.    The United States admits that the quoted language is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate.  The United States denies the remaining allegations.

199.    The United States admits that the quoted language is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate.

200.    The United States denies the allegations of paragraph 200.  To the extent paragraph 200 refers to the quoted language of DO #18 in paragraph 199, the United States admits that the quoted portion of paragraph 199 is found in DO #18, but denies that it is a "requirement" and denies the remaining allegations.

201.    The United States admits the allegations of the first and second sentence.  The United States denies the allegations of the third sentence.  The United States lacks information sufficient to form a belief as to the remaining allegations.

202.    The United States admits that the Jordan quote in footnote 196 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this footnote is accurate.  The United States lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

203.    The United States lacks information sufficient to form a belief as to whether Kloster contacted Miller.  The United States admits that Cash and Kloster traveled to Gatlinburg Fire Department to meet with city officials regarding the fire, arrived at Fire Department headquarters, and met with Gatlinburg Police Chief Brackens.  The United States denies the remaining allegations, including the allegations of footnote 198.

204.    The United States admits that Salansky sought wildland fire resources, but denies the remaining allegations, including the allegations of footnote 200.

205.    The United States admits that Salansky requested that Gatlinburg Fire Department respond to the Twin Creeks spot fire, but denies the remaining allegations.  With respect to footnote 202, the United States admits the first sentence, and denies the remaining allegations.  With respect to footnote 203, the United States denies the allegations.

206.   The United States lacks information sufficient to form a belief as to the truth of the allegations.  With respect to footnote 206, the United States lacks information to form a belief as to the truth of these allegations.

207.   The United States admits these allegations, except that the United States lacks information sufficient to form a belief as to what other parties overheard.

208.   The United States admits that Cash met with Gatlinburg, Pigeon Forge, and Sevier County officials in Mynatt Park, and that Salansky advised evacuating communities closest to the Park, and that Park officials reported evacuating parts of the Park.  The United States denies the remaining allegations.

209.   The United States admits that Salansky called the Tennessee Division of Forestry for bulldozers to build firebreaks, and that a 15-person crew and another engine was sent.  The United States lacks information sufficient to form a belief as to the allegations of the last sentence.  The United States denies the remaining allegations.

210.   The United States admits that the Salansky quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States admits the allegations of the first sentence, except to aver that the structural protection of the Twin Creeks structural facilities began after 11:35 a.m.  The United States admits the allegations of the second sentence.  The United States admits the allegations of the third sentence, except it denies that Salansky said "my park." The United States avers that Salansky instead said "Mynatt Park."  The United States denies the remaining allegations.

211.   The United States admits that GFD began delivering evacuation notices but lacks insufficient information to form a belief as to what time and as to when TEMA was notified.

212.   The United States admits that a 12:30 meeting at Mynatt Park was held with the individuals identified, with the exception of Deputy Superintendent Jordan, and admits that

Superintendent Cash was present. The United States lacks information sufficient to form a belief as to whether Salansky described it as a "Joint Command" or "Unified Command." The United States lacks information sufficient to form a belief as to what agency officials believed or of their personal opinions. With respect to footnote 211, the quoted language appears in the NPS Report, but the United States denies that the quotes are complete or that their characterization is accurate. The United States denies the remaining allegations.

213. The United States admits that the quote "mainly about Mynatt Park" is found in the NPS Report at the cited page, but denies that the quotations are complete and that the characterization of the quotes or of the Review Team's conclusions are accurate. The United States admits that GFD agreed to provide structural fire protection in the Park, including at Twin Creeks, and that at the meeting a voluntary evacuation of the area was discussed, and that Salansky recommended evacuations of the Mynatt Park area. The United States denies the remaining allegations.

214. The United States lacks information sufficient to form a belief as to the truth of the allegations.

215. The United States lacks information sufficient to form a belief as to the truth of the allegations.

216. The United States admits that Salansky remained IC on Monday, November 28, 2016. The United States admits that Salansky accepted the offer of the Type 1 team. The United States denies the remaining allegations.

217. The United States admits that Salansky received reports of fires. The United States admits that the Salansky quotes are found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate. The United States lacks

information sufficient to form a belief as to whether the quotes in this paragraph are accurate. The United States denies the remaining allegations.

218.    The United States denies the allegations of the first and second sentences, lacks information sufficient to form a belief as to the allegations of the third sentence, and admits that a weather forecast updated in the afternoon called for high wind gusts. The United States denies the remaining allegations.

219.    The United States lacks information sufficient to form a belief as to the truth of the allegations of this paragraph or of footnote 220.

220.    The United States admits the allegations of the first sentence. The United States lacks information sufficient to form a belief as to the allegations of the second sentence. The United States admits that there were no communications between the Park and the Sevier County/Gatlinburg Emergency Operations Center between about 2:50 and 3:10 p.m. The United States denies the remaining allegations.

221.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

222.    The United States lacks knowledge sufficient to form a belief as to the allegations of the first and second sentences. The United States admits the allegations of the third sentence, but avers that Park staff also were present at the press conference. The United States lacks information sufficient to form a belief as to the fourth and fifth sentences. The United States denies the remaining allegations.

223.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

224.    The United States lacks information sufficient to form a belief as to the truth of the quote in the unnumbered paragraph above paragraph 224. With respect to paragraph 224, the

United States admits that the Miller quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States admits that a press conference was held at approximately 5:00 p.m. on Monday, November 28, 2016, and avers that Park staff were in attendance. The United States denies the remaining allegations.

225. The United States admits the allegations of the first sentence, and lacks information sufficient to form a belief as to the remaining allegations.

226. The United States admits that a decision was made to evacuate described Park facilities, and that crews moved vehicles away from structures, secured the Visitor Center and maintenance facilities, and evacuated visitors from the structures. The United States denies the remaining allegations.

227. The United States admits that it received an updated weather forecast indicating that rain may not arrive in Gatlinburg until approximately 4:00 a.m. The United States lacks information sufficient to form a belief as to the allegations of the second sentence. The United States denies the remaining allegations.

228. The United States admits that by approximately 5:39 p.m., fire crews were advised that the fire was within one mile of the Visitor Center and Park Headquarters. The United States admits that Miller said that multiple fires had ignited around Gatlinburg, and lacks information sufficient to form a belief as to the truth of the remaining allegations.

229. The United States that the quoted language in the unnumbered paragraph above paragraph 229 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. With respect to paragraph 229, the United States lacks information sufficient to form a belief as to the truth of the allegations. With respect to

footnote 234, the United States lacks information sufficient to form a belief as to what Henri Grissino-Mayer observed or stated.

230.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

231.    The United States lacks information sufficient to form a belief as to the truth of the allegations of the first sentence. The United States admits that the quoted language in the last sentence is found in the cited document, but lacks sufficient information to form a belief as to the quote's accuracy.

232.    The United States admits the allegation that the winds changed between 5:00 and 6:00 p.m. on Monday, November 28, 2016, but denies the rest of the first sentence.  The United States admits that the quoted language is found in the cited document, but denies that the quotation in the Miller quote in the third sentence ("…that measures it…The next…") is complete and that the characterization is accurate.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

233.    The United States admits that Salansky heard the call, but lacks information sufficient to form a belief as to the remaining allegations.

234.    The United States admits that the winds were 60 miles per hour and exceeded 100 miles per hour in some locations, and that the fire spread into Gatlinburg.  The United States denies that the fire was the cause of some or all of the deaths and denies that it is liable in this action.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

235.    The United States admits that the quoted language in the unnumbered paragraph above paragraph 235 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  With respect to paragraph 235, the United

States admits that Salansky learned after 6:00 p.m. that the fire had moved into Gatlinburg, and that over the next half-hour several other fires started in Gatlinburg. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

236.    The United States admits that the Miller quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

237.    The United States lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

238.    The United States lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

239.    The United States admits that the Miller quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

240.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

241.    The United States admits that there was a 7:00 p.m. press conference attended by Cash, Miller, and Ogle, at which the fire situation and existing evacuation orders were provided to the public. The United States denies the remaining allegations.

242.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

243.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

244.    The United States lacks information sufficient to form a belief as to the truth of the allegations.

245.    The United States admits that the Salansky quote in the unnumbered paragraph above paragraph 245 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  With respect to paragraph 245, the United States lacks information sufficient to form a belief as to the truth of the allegations.

246.    The United States lacks information sufficient to form a belief as to the truth of the allegations. The United States admits that the Miller quote is found in the document cited in footnote 250, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

247.    The United States admits that the quote in the unnumbered paragraph above paragraph 247 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  With respect to paragraph 247, the United States admits that the quoted language is found in the cited document.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

248.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

249.    The United States admits that the Miller quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

250.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

251.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

252.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

253.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

254.    The United States admits that the Morrow quote in the paragraph numbered "10" directly above paragraph 254 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  With respect to paragraph 254, the United States admits that firefighters helped battle the fire inside the park at the Visitor Center, and that the quoted language ("went around us on both sides") is found in the cited document, but denies that the quotation is complete and that the characterization is accurate.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

255.    The United States admits that ABS Consulting Group, Inc. was hired by Gatlinburg and Sevier County to review the fire, and concluded that timely and accurate communication from the Park personnel would have helped Gatlinburg prepare for the fire and that firefighting and evacuation plans would likely have been better directed and accelerated if more accurate fire location data had been timely received from Park personnel and NWS wind-data had been included to model fire-progression.  The United States denies that these conclusions are accurate.  The United States admits that Park personnel closed the Gatlinburg Bypass adjoining the Park and Gatlinburg, but denies that it effectively blocked the only evacuation route.  The United States denies the remaining allegations.

256.    The United States admits that the quoted language is found in the cited document, but denies that the quotation is complete.  The United States denies that the quoted language

accurately characterizes ABS Group's conclusions, and denies that ABS Group's conclusions are correct. The United States denies the remaining allegations.

257. The United States lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

258. The United States lacks information sufficient to form a belief as to the truth of these allegations.

259. The United States lacks information sufficient to form a belief as to the truth of these allegations.

260. The United States admits that the fires continued to burn as of 9:00 p.m. on November 28, 2016, and that trees burned to their roots and into the dirt. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

261. The United States lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

262. The United States admits that the quoted language is found in the cited document. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

263. The United States lacks information sufficient to form a belief as to the truth of these allegations.

264. The United States lacks information sufficient to form a belief as to the truth of these allegations.

265. The United States lacks information sufficient to form a belief as to the truth of these allegations.

266. The United States admits that Indian Grave readings showed that from 7:00 p.m. until midnight on Monday, November 28, 2016, sustained winds were at 13 to 17 miles per hour

with gusts from 34 to 49 miles per hour. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, but specifically denies that this was "not too far off the forecast issued on Sunday."

267. The United States admits that gusts above 40 miles per hour occurred on Tuesday, November 29, 2016, then dropped below 20 miles per hour for much of the remainder of the day, and that rain continued to fall until 6:00 a.m. on Tuesday, totaling 0.78 inch at Indian Grave. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

268. The United States lacks information sufficient to form a belief as to the number of deaths that occurred in Gatlinburg and Chalet Village by early morning, Tuesday, November 29, 2016, or the number of structures damaged or destroyed, or of the number of acres burned. The United States denies the remaining allegations and specifically denies Plaintiffs' claims of liability and damages.

269. The United States admits that multiple evacuation shelters had been set up. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

270. The United States admits that between November 29 and December 5, 2016, it periodically rained in the Gatlinburg area. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

271. The United States lacks information sufficient to form a belief as to the truth of these allegations.

272. The United States lacks information sufficient to form a belief as to the truth of these allegations.

273.    The United States lacks information sufficient to form a belief as to the truth of these allegations.

274.    The United States admits that the Park reopened on December 29.  The United States lacks information sufficient to form a belief as to the truth of the remaining allegations.

275.    The United States admits these allegations.

276.    The United States admits these allegations, except to deny that the State of Tennessee based its decision not to prosecute on lack of jurisdiction to prosecute anyone for crimes committed inside the Park.

277.    The United States admits that the Salansky quote in the unnumbered paragraph above paragraph 277 is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.  With respect to paragraph 277, the factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the Salansky quotes are found in the cited document, but lacks information sufficient to form a belief as to whether the quotes in this paragraph is accurate.  The United States denies the remaining allegations.

278.    The United States denies these allegations.

279.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that Salansky was the Incident Commander and the Duty Officer during the Chimney Tops 2 Fire, and denies the remaining allegations.

280.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the Salansky quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

281.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the Jordan quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

282.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the Soehn quote is found in the cited document, but lacks information sufficient to form a belief as to whether the quote in this paragraph is accurate.

283.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations, except to state that it lacks knowledge sufficient to form a belief as to the factual allegations of footnote 276.

284.    The United States admits that beginning in February 2017, the NPS delegated a review of the Chimney Tops 2 Fire to an interagency team of experts and others.  With respect to the allegations of footnote 277, the United States admits that William Kaage was, at all relevant times, the National Park Service Division of Fire and Aviation Chief; denies that he was ever the Review

Team "leader." The United States lacks information sufficient to form a belief as to the truth of the remaining allegations of this footnote. The United States denies the remaining allegations.

285. The United States admits that the NPS Report issued on August 31, 2017, that the quoted language is found in that Report, but denies that the quotes are complete, and denies the characterization of the Report, its focus, or the Review Team's conclusions. The United States denies any remaining allegations.

286. The United States admits that the quoted language is found in the cited document, but denies that the quotation is complete and that the characterization of the document is accurate. The United States denies the remaining allegations.

287. The United States admits that Joe Stutler was one of the Interagency Fire Review Team Leaders, but lacks information sufficient to form a belief as to whether the quotes in this paragraph are accurate or of their source. The United States denies that the allegations accurately characterize Stutler's views and the Review Team's conclusions. With respect to footnote 279, the quote is incomplete, not sourced, and the United States lacks information sufficient to form a belief as to the allegations of footnote 279. The United States denies the remaining allegations.

288. The United States denies these allegations.

289. The United States admits that the quotes are found in the NPS Report as cited in footnotes 280 to 284, but denies that the allegations correctly characterize the findings and conclusions of the review. The United States denies the remaining allegations.

290. The United States admits that the ABS Report issued in December 2017, and that the quote is found in that report, but denies that the allegations correctly characterize the findings and conclusions of the report. The United States denies the allegations of the final sentence. The United States lacks information sufficient to form a belief as to the truth of the remaining allegations regarding the commissioning of the report.

291.    The United States denies these allegations.

292.    The United States admits that the quotes are found in the ABS Report, but denies that the allegations correctly characterize the findings and conclusions of the review.

293.    The United States admits that former Secretary Zinke gave statements to the press about the fire, and admits that the quotes are found in the article cited in footnote 286, but denies that the allegations accurately characterize his comments.

294.    The United States lacks information sufficient to form a belief as to whether Grissino-Mayer made the statement quoted in the allegations, and denies that the allegations accurately characterize his comments.

295.    The United States admits that Jerry Grubb is a former Park Ranger.  The United States denies that it mismanaged the Chimney Tops 2 Fire.  The United States lacks information sufficient to form a belief as to what Grubb said.

### Count One – Negligence (Failure to Monitor)

296.    This paragraph does not contain a factual allegation to which a response is required. The United States avers that many of the paragraphs in this Count One repeat factual allegations answered in the preceding paragraphs of this Answer, in many cases using the same language.  The United States incorporates those answers in the paragraphs below answering this Count as if they were restated in their entireties.  To the extent the paragraphs in this Count allege previously unanswered factual allegations, those allegations are answered for the first time below.

297.    These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the characterization and summary of the law stated in this paragraph, but avers that 28 U.S.C. § 1346(b) provides, in part, that district courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or

loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," and that 28 U.S.C. § 2674 provides, in part, that "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances..."

298.    These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent a response is required, the United States admits that the quotes are found in the *Giggers* case, and that, as a general matter, the allegations set forth the elements for a negligence claim under Tennessee law, but avers that other legal principles, elements, doctrines, and defenses under federal and state law also apply in this action.

299.    These allegations are not statements of fact but are conclusions of law to which no response is required.  Any factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

300.    These allegations are not statements of fact but are conclusions of law to which no response is required.  Any factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.

301.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations, except to admit that the quoted language is found in Reference Manual 18.

302. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

303. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations, except to admit that the quoted language is found in the FMH.

304. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations, except to admit that the quoted language is found in the FMH.

305. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

306. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

307. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

308.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations. The United States also denies the allegations of footnote 287.

309.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

310.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations. The United States also denies the allegations of footnote 288.

311.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

312.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

313.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

### Count Two – Negligence (Failure to Comply With Command Structure)

314. This paragraph does not contain a factual allegation to which a response is required. The United States avers that many of the paragraphs in this Count Two repeat factual allegations answered in the preceding paragraphs of this Answer, in many cases using the same language. The United States incorporates those answers in the paragraphs below answering this Count as if they were restated in their entireties. To the extent the paragraphs in this Count allege previously unanswered factual allegations, those allegations are answered for the first time below.

315. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. The United States admits that the allegations accurately quote a portion of the 2016 Redbook, but denies that the quotation is complete and that the characterization of the document is accurate, and denies the remaining allegations.

316. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required the United States admits that Salansky was the Appalachian-Piedmont Zone FMO for the Great Smoky Mountains National Park and 19 other National Parks and that he was the IC upon discovery of the fire. The United States denies the remaining allegations.

317. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

318.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the characterization of the FMP and the remaining allegations.

319.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the characterization of the Redbook and the remaining allegations.

320.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

321.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quoted language appears in the NPS Report, but denies that the quotation is complete and that the characterization of the document is accurate, and denies the remaining allegations.

322.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required the United States denies these allegations.

323.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

324.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quote in footnote 289 is found in DO #18, but denies that the quotation is complete and that the characterization of the document is accurate, and denies the remaining allegations.

325.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

326.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

327.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

328.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

## Count Three – Negligence (Failure To Adhere to Mandatory Fire Management Policies)

329.  This paragraph does not contain a factual allegation to which a response is required. The United States avers that many of the paragraphs in this Count Three repeat factual allegations answered in the preceding paragraphs of this Answer, in many cases using the same language. The United States incorporates those answers in the paragraphs below answering this Count as if they were restated in their entireties. To the extent the paragraphs in this Count allege previously unanswered factual allegations, those allegations are answered for the first time below.

330.  The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States lacks information sufficient to form a belief as to the statements of former United States Forest Service Firefighters, and denies the remaining allegations.

331.  The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States lacks information sufficient to form a belief as to the quoted statement, and denies the remaining allegations.

332.  The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language is found in the NPS Report, and denies the remaining allegations. With respect to footnote 290, the United States lacks information sufficient to form a belief as to the truth of these allegations.

333.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

334.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

335.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quote is found in the NPS Report, but denies that the quotation is complete and that the characterization of the document is accurate, and denies the remaining allegations.

336.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

337.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the quoted language is found in DO #18, and that the quoted language is found in the 2016 Redbook.

338.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language appears in DO #18, but denies the characterization of DO # 18, and denies the remaining allegations in the paragraph.

339.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that Salansky designed a 410-acre containment box to indirectly combat the Chimney Tops 2 Fire, but denies the remaining allegations.

340.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

341.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that Salansky did not believe the fire would reach the perimeter of the "containment box," and denies the remaining allegations, including the allegations of footnote 293.

342.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits the quote in the first sentence is found in the cited document, and denies the remaining allegations.

343.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

344.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

345.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States lacks information sufficient to forma belief as to the statements of the firefighter quoted, and denies the remaining allegations.

346.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

347.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that models were generated by the NTFB, and admits that the Salansky quote appears in the NPS Report, but denies that the quotation is complete and that the characterization is accurate, and denies the remaining allegations.

348.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States

admits that the Salansky quote appears in the NPS Report, but denies the remaining allegations. With respect to footnote 296, the United States lacks information sufficient to form a belief as to the truth of the allegations of what Kloster specifically told ABS, and denies the remaining allegations of this footnote.

349.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that the National Weather Service issued a forecast at approximately 3:21 a.m., and lacks information sufficient to form a belief as to the remaining allegations.  With respect to footnote 297, the United States lacks information sufficient to form a belief as to the basis for the Sentinel story described in footnote 297.

350.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

351.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies these allegations.  With respect to footnote 298, the United States admits that as IC, Salansky had the authority to request aviation resources, and that the responsibilities listed were some of Kloster's responsibilities, but not sole responsibility.

352.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States

admits that it was decided that only water should be dropped; lacks information sufficient to form a belief as to what the Air Tactical Supervisor "wondered;" admits that the Air Tactical Group Supervisor quotes are found in the NPS Report, but denies that the quote is complete; and denies the remaining allegations.

353. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States lacks information sufficient to form a belief as to the last sentence and denies the remaining allegations.

354. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States lacks information sufficient to form a belief as to the exact number of responders and apparatus used to fight the fire, the exact radio frequencies used at the time by other agencies, or the operability of cell towers at the time.

355. The United States admits that the quoted language appears in the ABS Report, but denies that the quote is complete and denies the remaining allegations.

356. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies these allegations.

357. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States

lacks information sufficient to form a belief as to whether former Secretary Zinke made the quoted statement or its source, and denies the remaining allegations.

358.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

359.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that an overall strategic fire response may incorporate usage of the Wildland Fire Decision Support System ("WFDSS"), but denies the remaining allegations.

360.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States admits that WFDSS is a web-based fire-management assessment and decision-assisting process that may be used to assist in fire management decision-making by fire management officials.  The United States denies the characterization of WFDSS and the remaining allegations in this paragraph.

361.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

362.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to

warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

363. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

364. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language appears in Reference Manual 18, and denies the remaining allegations.

365. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States admits that the quoted language appears in the NPS Report, but denies that it accurately characterizes the Review Team's conclusions, and denies the remaining allegations.

366. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

367. The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required. To the extent a response is required, the United States denies the allegations.

368.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

369.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

370.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

371.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

372.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

373.     The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

374.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

375.    The factual allegations contained in this paragraph are relevant solely to a claim or claims which Plaintiffs conceded and are not relevant to Plaintiffs' remaining claim of failure to warn, and therefore no response is required.  To the extent a response is required, the United States denies the allegations.

**Count Four – Negligence (Failure to Warn)**

376.    This paragraph does not contain a factual allegation to which a response is required. The United States avers that many of the paragraphs in this Count Four repeat factual allegations answered in the preceding paragraphs of this Answer, in many cases using the same language.  The United States incorporates those answers in the paragraphs below answering this Count as if they were restated in their entireties.  To the extent the paragraphs in this Count allege previously unanswered factual allegations, those allegations are answered for the first time below.

377.    The United States admits that the FMP provides that "firefighter and public safety is the first priority," and denies the remaining allegations.

378.    The United States admits that the quoted language is found in the FMP, but denies that the quote is complete, denies the characterization of the FMP, and denies the remaining allegations.

379.    The United States admits that the quoted language is found in the FMP, but denies that the quote is complete, denies the characterization of the FMP, and denies the remaining allegations.

380.     The United States admits that the quoted language is found in DO # 18 and the FMP, but denies that the quote is complete, denies the characterization of DO # 18 and the FMP, and denies the remaining allegations.

381.     The United States incorporates its previous answers, admits that the quoted language is found in the FMP, but denies that the quote is complete, denies the characterization of the FMP, and denies the remaining allegations.

382.     The United States admits that the Park staff issued media releases about the Chimney Tops 2 fire on Wednesday, November 23, 2016, and Friday, November 25, 2016.  The United States denies the remaining allegations.

383.     The United States admits that the Park issued its first press release on November 23, 2016, admits that the press release described the Chimney Tops 2 Fire as approximately 1.5 acres, that the fire had a slow rate of growth, and that it was located in extremely remote, steep, and inaccessible terrain, and that area trail closures were implemented, among other fire information. The United States denies the remaining allegations.

384.     The United States admits that on November 25, 2016 the Park issued a press release as described in the first sentence, among other fire information, but denies any implication this was the second release of information to the public.  The United States admits that the quoted language appears in the NPS Report, but denies the quote is complete or that its characterization is accurate. The United States denies the remaining allegations.

385.     The United States admits that a Public Information Officer was assigned to the Chimney Tops 2 fire on November 27, 2016, to interact with the public about the fire, and admits that a press release was issued on Monday, November 28, 2016, at approximately 10:00 a.m., but denies that the characterization of the press release is accurate and denies any implication that this

was the only fire information provided by the Park to others.  The United States denies the remaining allegations.

386.    The United States admits that it issued two press releases on November 28, 2016, and conducted a press conference at Park headquarters providing fire information, but denies any implication that these efforts constituted the only communication by or from the Park to others, and denies the remaining allegations.

387.    The United States admits that at approximately 3:40 p.m. on Monday, November 28, 2016, the City of Gatlinburg and the Park issued a unified press release identifying a spot fire in the Twin Creeks area inside the Park that was being suppressed by an interagency response; that the fire posed a threat to Mynatt Park residents; that GFD was making preparations to protect Mynatt Park; warned of fire growth in the coming hours; and requested voluntary evacuation.  The United States admits that the press release indicated that GFD would continue monitoring the fire and that the Tennessee Forestry Division had staged equipment in Mynatt Park.  The United States denies any implication that this constituted the only communication by or from the Park to others.  The United States denies the remaining allegations.

388.    The United States admits that a press briefing was announced for 4:00 p.m. on November 28, 2016 at the GFD, and denies the remaining allegations.

389.    The United States denies these allegations.

390.    The United States denies these allegations.

391.    The United States denies these allegations.

392.    The United States admits that the quotes appear in the cited news article, but lacks information sufficient to form a belief as to whether the quote is accurate, and denies the remaining allegations.

393.     The United States admits that at approximately 11:30 a.m. on November 28, 2016, Kloster and Cash met with Gatlinburg officials at Park headquarters, and denies the remaining allegations.

394.     The United States admits that there was a press conference at approximately 7:00 p.m. on November 28, 2016, and denies the remaining allegations.

395.     The United States denies these allegations.

396.     The United States denies these allegations.

397.     The United States denies the allegations in this paragraph.  With respect to footnote 303, the United States admits that the quoted language appears in the cited document at footnote 303, but denies that the quote is complete.

398.     The United States denies these allegations.

399.     The United States denies these allegations.

400.     The United States denies these allegations.

401.     The United States denies these allegations.

402.     The United States denies these allegations.

**Count Five – Wrongful Death – Tenn. Code Ann. §§ 20-5-106 et seq. (Reed Claim)**

403.     This paragraph does not contain a factual allegation to which a response is required.

404.     This paragraph states the nature of the claim, and does not contain a factual allegation to which a response is required.

405.     The United States denies these allegations.

406.     The United States denies these allegations.

407.     The United States denies these allegations.

408.     The United States denies these allegations.

**Count Six – Loss of Society and Consortium (Reed Claim)**

409.    This paragraph does not contain a factual allegation to which a response is required.

410.    The United States denies these allegations.

**Prayer for Relief**

Plaintiffs' prayer for relief requires no response, but the United States denies that Plaintiffs

are entitled to any of the relief sought from Defendant United States in Plaintiffs' Complaint.

**DENIAL OF ANY REMAINING ALLEGATIONS**

All allegations of the Complaint that the United States has not specifically and unqualifiedly

admitted in its responses above are hereby denied.

WHEREFORE, the defendant United States of America demands judgment dismissing all of

the claims in Plaintiffs' Complaint, and such other and further relief as this Court deems just and

proper.

Dated:  February 21, 2020                        Respectfully submitted,

                                                 JOSEPH H. HUNT
                                                 Assistant Attorney General, Civil Division

                                                 JAMES G. TOUHEY, JR.
                                                 Director, Torts Branch

                                                 DEBRA R. COLETTI
                                                 Assistant Director, Torts Branch

                                                 */s/ Theodore W. Atkinson*
                                                 THEODORE W. ATKINSON
                                                 MARTIN F. ST. AUBIN
                                                 GRANT TREASTER
                                                 Trial Attorneys, Torts Branch
                                                 United States Department of Justice
                                                 Benjamin Franklin Station
                                                 P.O. Box 888
                                                 Washington, D.C. 20044
                                                 Telephone: (202) 616-4266
                                                 Facsimile: (202) 616-5200
                                                 Email: theodore.atkinson@usdoj.gov

                                                 Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, I electronically filed the foregoing with the Clerk of Court via the Court's Electronic Filing System, which will provide electronic notification to all Filing Users. Any parties who are not Filing Users will be served with a paper copy of the foregoing by first-class mail, postage pre-paid.

*/s/ Theodore W. Atkinson*
THEODORE W. ATKINSON