# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL B. REED, *et. al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:18–cv–00201 |
| BRITTANY ADKINS, *et. al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:18–cv–00310 |
| BRITTANY N. HYRE ANCULLE, *et. al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:18–cv–00308 |
| JAMES CARL VANCE, et al.,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:19–cv–00283 |

| | |
|---|---|
| JACKIE SUE BARNES, et al.,<br><br>      Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 3:19–cv–00296 |
| PAUL W. ABBOTT, et al.,<br><br>      Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 3:20–cv–00149 |
| ALLSTATE FIRE AND CAS. INS. CO., *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 3:19-cv-00474 |
| AMERICAN RELIABLE INS. CO., *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 3:19-cv-00469 |

| | |
|---|---|
| STATE FARM FIRE & CAS. CO., *et al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:19-cv-00470 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, *et al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:19-cv-00472 |
| AUTO-OWNERS INS. CO., *et al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 3:19–cv–00478 |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Plaintiffs brought these actions under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, seeking damages related to injuries they incurred as a result of a wildfire in the Great Smoky Mountains National Park ("the Park") in November 2016 (hereinafter, "the Chimney Tops 2 Fire" or "the Fire"). There are 11 cases in total in this litigation, consisting of six

cases filed by individual plaintiffs (hereinafter, the "Individual Plaintiff Cases")[1] and five cases filed by insurance companies (the "Insurance Company Cases").[2] The only claims remaining in each of these cases is Plaintiffs' failure-to-warn claims.

The United States brings this motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As demonstrated in this memorandum, Plaintiffs' failure-to-warn claims are barred by the FTCA's misrepresentation exception, 28 U.S.C. § 2680(h). Accordingly, this Court should dismiss Plaintiffs' failure-to-warn claims for lack of subject matter jurisdiction.

## PRIOR PROCEEDINGS

Plaintiffs in the cases of *Reed, Adkins, Anculle, Barnes,* and *Vance* initially brought suit against the United States related to the Fire, alleging four separate negligence claims for failure to monitor, failure to comply with command-structure requirements, failure to adhere to mandatory fire management policies and requirements, and failure to warn. *See Reed*, ECF 1.[3] The United States filed facial attack motions to dismiss for lack of subject matter jurisdiction in these cases, arguing that the FTCA's discretionary function exception barred the Individual Plaintiffs' lawsuits in their entirety. *Reed*, ECF 23-1. The Court held a hearing on the motions, during which the Individual Plaintiffs' counsel conceded that all claims of negligence that were not premised on the alleged

---

[1] *Reed et al. v. United States*, No. 3:18–cv–00201; *Adkins et al. v. United States*, No. 3:18–cv–00310; *Anculle et al. v. United States*, No. 3:18–cv–00308; *Vance et al. v. United States*, No. 3:19–cv–00283; *Barnes et al. v. United States*, No. 3:19–cv–00296; and *Abbott et al. v. United States*, No. 3:20–cv–00149.

[2] *Auto-Owners Ins. Co et al. v. United States*, No. 3:19–cv–00478; *Allstate Fire & Cas. Ins. Co. et al. v. United States*, No. 3:19-cv-00474; *American Reliable Ins. Co. et al. v. United States*, No. 3:19-cv-00469; *State Farm Fire & Cas. Co. et al. v. United States*, No. 3:19-cv-00470; and *United Services Automobile Association et al. v. United States*, No. 3:19-cv-00472.

[3] Plaintiffs also filed wrongful death claims on behalf of 10 Plaintiffs. *See Reed*, ECF 1; *Vance*, ECF 1.

failure to warn were barred by the discretionary function exception. *Reed*, ECF 41 at 4–6. Given Plaintiffs' concession, the Court denied as moot the United States' motions as they related to all of the claims except for a failure to warn. *Id.* at 6. As for the Individual Plaintiffs' failure-to-warn claims, the Court determined that the discretionary function exception did not apply because certain provisions in the Park Service's Fire Management Plan ("FMP") contained mandatory directives regarding fire-related notifications and warnings. *Id.* at 6–20.

Shortly before the Court issued its ruling on the United States' motions to dismiss in the Individual Plaintiff Cases described above, Plaintiffs in the Insurance Company Cases filed suit against the United States, alleging claims similar to those in the Individual Plaintiff Cases. *See State Farm*, ECF 1; *Auto-Owners*, ECF 1.

In February 2020, the United States filed motions with respect to the Individual Plaintiff Cases in *Reed, Adkins, Anculle, Barnes,* and *Vance*, and the Insurance Company Cases. As to the five Individual Plaintiff Cases, the United States filed renewed motions to dismiss, making a factual attack to subject matter jurisdiction on the basis that even if the FMP provisions concerning the dissemination of fire-related information are mandatory, the Park Service complied with the provisions. *See Reed*, ECF 49-1. As to the Insurance Company Cases, the United States filed motions to dismiss for lack of subject matter jurisdiction, arguing that the discretionary function exception barred the Plaintiffs' lawsuits in their entirety. *See State Farm*, ECF 41-1; *Auto-Owners*, ECF 23-1. Following oral argument on the United States' motions, the Court issued rulings on the motions. The Court denied the United States' renewed motions to dismiss in the five Individual Plaintiff Cases, holding that although the United States demonstrated that the Park Service complied with two of the three relevant FMP provisions, the United States did not establish that the Park Service complied with a provision requiring notification to park neighbors, park visitors, and local residents of "all planned and unplanned fire management activities that have the potential to impact

3

them." *Reed*, ECF 87 at 19. As for the United States' motions to dismiss in the Insurance Company Cases, the Court granted the motions as to all claims other than the failure-to-warn claim, and denied the motions as to the failure-to-warn claim. *State Farm*, ECF 54; *Auto-Owners*, ECF 51.

In April 2020, Plaintiffs in *Abbott* filed suit against the United States, alleging the same four negligence claims asserted in the Individual Plaintiff Cases. *Abbott*, ECF 1. The United States filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the discretionary function exception barred the case in its entirety. *Abbott*, ECF 19-1. The Court denied the United States' motion to dismiss as to Plaintiffs' failure-to-warn claim, but dismissed all other claims. *Abbott*, ECF 29, ECF 36 (dismissing all claims other than failure-to-warn claim based on parties' Joint Stipulation).

The sole remaining claims in all 11 cases are Plaintiffs' negligent failure-to-warn claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "may be raised by a party . . . at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). A Rule 12(b)(1) motion can challenge the sufficiency of the pleading itself (a facial challenge) or the factual existence of subject matter jurisdiction (a factual challenge). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

This motion to dismiss is a facial challenge to subject matter jurisdiction. A facial challenge tests whether the plaintiff has alleged a basis for subject matter jurisdiction, and the allegations of the complaint are taken as true for the motion. *Cartwright*, 751 F.3d at 759. As explained below, Plaintiffs have alleged claims that are barred by the FTCA's "misrepresentation exception," and thus the Court lacks subject matter jurisdiction over Plaintiffs' failure-to-warn claims.

4

# ARGUMENT

## PLAINTIFFS' FAILURE-TO-WARN CLAIMS ARE BARRED BY THE MISREPRESENTATION EXCEPTION

### A. Overview of the Misrepresentation Exception

The FTCA's waiver of sovereign immunity is subject to several exceptions set forth in 28 U.S.C. § 2680, which "are designed to protect certain important government functions and prerogatives from disruption." *Molzof v. United States*, 502 U.S. 301, 311 (1992). The exceptions in Section 2680 "mark 'the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Id.* (quoting *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984)). Included in Section 2680(h) is the "misrepresentation exception," which bars "any claim arising out of . . . misrepresentation." 28 U.S.C. § 2680(h); *Block v. Neal*, 460 U.S. 289, 295 (1983).

Two early cases illustrate how federal courts have applied the misrepresentation exception to failure-to-warn claims. First, in *National Manufacturing Company v. United States*, the Eighth Circuit considered whether the exception applied to claims alleging that the United States failed to communicate accurate information about flood conditions. 210 F.2d 263 (8th Cir. 1954). The plaintiffs in *National Manufacturing* claimed that several federal agencies knew that the Kansas River would "greatly overflow" its banks, dikes, and levees on July 13, 1951, and that these agencies were negligent in "disseminating misinformation" indicating that the River would not flood, and in "fail[ing] to warn of [the] danger" of the River flooding. *Id.* at 266–67. Thus, the plaintiffs alleged that the agencies breached their duty "to inform plaintiffs and all others of the likelihood and danger and imminence of the overflow and flooding of" the Kansas River, thereby causing property damage to the plaintiffs' businesses. *Id.* at 267.

The Eighth Circuit, affirming the district court's dismissal of the action, held that the misrepresentation exception applied to the plaintiffs' claims that the agencies disseminated misinformation about the flood and failed to warn about the risk of the flood. *Id.* at 275–76. As for the allegations related to the failure to provide accurate information, the court explained:

> *Insofar as the instant claims are based on negligence in failing to inform or warn the plaintiffs that the flood was coming, we think that conduct also is within the exception of section 2680(h).* That charge is in substance that the duty rested upon the employees to state or represent the imminence of the flood and that the negligent failure to make any statement had the same effect upon the plaintiffs as the alleged misinformation negligently given. The purpose of excepting federal liability on account of negligent misrepresentation necessarily extends to negligent failure to represent which has the same effect as an affirmative misrepresentation. The intent of the section is to except from the Act cases where mere "talk" or failure to "talk" on the part of a government employee is asserted as the proximate cause of damage sought to be recovered from the United States.

*Id.* at 276 (emphasis added).

The same year that the Eighth Circuit decided the *National Manufacturing* case, the Ninth Circuit addressed the misrepresentation exception in the context of another flood case, *Clark v. United States*. 218 F.2d 446 (9th Cir. 1954). In *Clark*, the plaintiffs were residents of a town in Oregon that was flooded when the Columbia River overcame an embankment next to the town. *Id.* at 450. The plaintiffs alleged that the United States Army Corps of Engineers and several other federal agencies were negligent in how they fought the flood and in issuing assurances of safety to residents before the town flooded. *Id.* Affirming the district court's dismissal, the Ninth Circuit held that the United States did not owe the residents "any flood fighting duties," and that the misrepresentation exception applied to the plaintiffs' claims related to the assurances of safety. *Id.* at 452. The court explained that the misrepresentation exception applied because the gravamen of the plaintiffs' case, that the United States negligently issued false assurances of safety, was "basically [a claim] of negligent misrepresentation." *Id.*

6

Several years after these cases, the United States Supreme Court addressed the misrepresentation exception for the first time in *United States v. Neustadt*. 366 U.S. 696 (1961). In *Neustadt*, the plaintiffs brought negligence claims under the FTCA based on their reliance upon a home appraisal by the Federal Housing Administration (FHA), which inaccurately stated that the home the plaintiffs purchased had no defects and that the home had an appraised value of $22,750. *Id.* at 698–700. Later inspections revealed "serious structural defects" and that that the home's actual fair market value was $16,000. *Id.* at 701. The Supreme Court, citing *National Manufacturing*, *Clark*, and other earlier cases, held that the misrepresentation exception applied to the plaintiffs' claim of negligence because the exception "comprehends claims arising out of negligent, as well as willful misrepresentation." *Id.* at 702–03. The Supreme Court rejected the Fourth Circuit's view that the claim "ar[ose] out of 'negligence,' rather than 'misrepresentation,'" and that "the misrepresentation was 'merely incidental' to the 'gravamen' of the [negligence] claim." *Id.* at 704–06. The Court explained that where, as in *Neustadt*, the plaintiff's claim arises out of a breach of "the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs," there is "every reason" to believe Congress intended the misrepresentation exception to apply to the claim. *Id.* at 706.

The Supreme Court again considered the misrepresentation exception in *Block v. Neal*. 460 U.S. 289 (1983). In *Block*, the plaintiff brought a claim for negligent inspection by a Farmers Home Administration ("FmHA") official who supervised construction of the plaintiff's home and issued a report that the construction of her home accorded with the specifications approved by the FmHA. *Id.* at 292. Following the dismissal of her claim by the United States District Court for the Eastern District of Tennessee for failing to state a claim, the Sixth Circuit reversed, holding, *inter alia*, that the misrepresentation exception did not bar her claim. *Neal v. Bergland*, 646 F.2d 1178, 1184 (6th

7

Cir. 1981). The Supreme Court affirmed the Sixth Circuit, concluding that the misrepresentation exception did not apply to the plaintiff's negligence claim. *Block*, 460 U.S. at 298. In so holding, the Supreme Court explained that the misrepresentation exception "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Id.* at 297. Applying this principle, the Court distinguished the claims at issue in *Block* and *Neustadt*. The Supreme Court explained that unlike in *Neustadt*, where the gravamen of the action was that the FHA's statement of appraisal misled the plaintiff and the plaintiff alleged no injury independent of his reliance on the appraisal, the Government's misstatements in *Block* were "not essential" to the plaintiff's negligence claim. *Id.* at 296–97. The Supreme Court emphasized that the plaintiff's claim in *Block* arose out of "FmHA's duty to use due care to ensure that the builder adhere to previously approved plans and cure all defects before completing construction," which the Court explained "is distinct from any duty to use due care in communicating information to [the plaintiff]." *Id.* at 296–97.

These cases set forth several well-established principles that define the scope of the misrepresentation exception. As the Supreme Court explained in *Neustadt*, the exception applies to both intentional and negligent misrepresentation. *Neustadt*, 366 at 702–03. Further, casting a claim as "negligence" does not take the claim outside the misrepresentation exception, and courts must "look beyond the literal meaning of the language to ascertain the real cause of the complaint." *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975) (quoting *Neustadt*, 366 U.S. at 706). In applying the misrepresentation exception, courts look to "the traditional and commonly understood legal definition of the tort of 'negligent misrepresentation.'" *Id.* (quoting *Neustadt*, 366 U.S. at 706). This analysis "depends solely upon what Congress meant by the language it used in [Section] 2680(h)," regardless of whether the "analysis accords with the law of States which have seen fit to allow recovery under analogous circumstances." *Neustadt*, 366 U.S. at 705–06. Additionally,

8

courts apply the exception to claims "arising out of . . . misrepresentation" where the claims allege either reliance on misstatements of fact or failures to communicate. *E.g. Nat'l Mfg.*, 210 F.2d at 275–76. Finally, if the claim arises not out of a "failure to use due care in communicating information," but the "breach of a different duty," the misrepresentation exception will not apply. *Block*, 460 U.S. at 297.

## B. The Misrepresentation Exception Bars Plaintiffs' Failure-to-Warn Claims.

The cases and principles described above demonstrate that the United States has not waived its sovereign immunity for Plaintiffs' failure-to-warn claims because the claims "arise out of . . . misrepresentation." *See* 28 U.S.C. § 2680(h). Plaintiffs' failure-to-warn claims are strikingly similar to the claims at issue in *National Manufacturing*. As in *National Manufacturing*, Plaintiffs in this litigation allege that the Park Service knew of the danger posed to a community but failed to warn of that danger. *See Nat'l Mfg.*, 210 F.2d at 267; *see Reed*, ECF 1 ¶ 397; *Auto-Owners*, ECF 32 ¶ 244; *State Farm*, ECF 1 ¶¶ 50, 89(d). As in *National Manufacturing*, Plaintiffs allege that the Park Service's failure-to-warn consisted of both dissemination of misinformation and the failure to provide certain information. *See Nat'l Mfg.*, 210 F.2d at 267; *Reed*, ECF 1 ¶¶ 382–99; *Auto-Owners*, ECF 32 ¶¶ 239–67.[4] And, as in *National Manufacturing*, the misrepresentation exception applies to both sets of allegations, as explained below.

---

[4] Plaintiffs in the *Allstate*, *American Reliable, State Farm*, and *USAA* cases do not allege that the Park Service made affirmative misstatements about its response to the Fire, but instead allege that the Park Service failed to communicate about the status of and imminent danger presented by the Fire. *See State Farm*, ECF 1, ¶¶ 50, 89. As explained below, the misrepresentation exception applies to these Plaintiffs' failure-to-warn claims because they arise out of an alleged failure to communicate. *See infra* Part B.2.

9

### 1. The Misrepresentation Exception Applies to Plaintiffs' Failure-to-Warn Claims Insofar as they Arise out of Misstatements of Fact.

Plaintiffs in the Individual Plaintiff Cases and in the *Auto-Owners* case allege that the Park Service disseminated inaccurate information about the Park Service's response to the Fire. *See Reed*, ECF 1 ¶ 384 (alleging that Park Service issued press release on November 25, 2016, that "misinformed readers that '***fire suppression crews were establishing containment lines***," when "virtually no containment lines were constructed until Monday, November 28, 2016.") (emphasis in original); *Auto-Owners*, ECF 32 ¶ 247 (same).[5] Further, these Plaintiffs allege that the Park Service issued a press release stating that "the fire posed no immediate threat" after the Park Service received a forecast of a high-wind event on the morning of Saturday, November 26, 2016. *Reed*, ECF 1 ¶ 282; *Auto-Owners*, ECF 32 ¶¶ 249, 250.[6]

As the Supreme Court explained in *Block*, the misrepresentation exception applies where the "essence" of a claim "is the communication of misinformation on which the recipient relies." *Block,* 460 U.S. at 296; *see Fitch*, 513 F.2d at 1016 (applying misrepresentation exception to claim alleging wrongful induction into Armed Forces based on government agent's misrepresentation of plaintiff's obligation to enter Army). Plaintiffs' allegations of the Park Service's inaccurate statements regarding the establishment of containment lines and that the Fire posed no immediate danger are the type of allegations to which the misrepresentation exception has previously applied. *See Nat'l Mfg.*, 210 F.2d at 267, 276 (applying misrepresentation exception to claims that agencies

---

[5] As stated above, Plaintiffs in the *Allstate*, *American Reliable*, *State Farm*, and *USAA* cases do not allege that the Park Service made affirmative misstatements about its response to the Fire, but instead allege failure-to-warn claims arising solely out of a failure to communicate certain information. *See State Farm*, ECF 1, ¶¶ 50, 89; *see supra* n.4. As explained below, the misrepresentation exception applies to these failure-to-warn claims arising out of an alleged failure to communicate. *See infra* Part B.2.

[6] Plaintiffs in the *Allstate*, *American Reliable*, *State Farm*, and *USAA* cases do not allege that the Park Service made this statement. *See State Farm*, ECF 1, ¶¶ 50, 89.

10

disseminated misinformation regarding likelihood of river flooding); *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (1st Cir. 2003) ("the exception insulates the government against liability for conveying false or inaccurate information"); *Badley v. United States*, No. 1:12-cv-108-EJL, 2015 WL 12830450 (D. Idaho Apr. 27, 2015) (citing *Clark*, 218 F.2d at 446) (applying misrepresentation exception to claim that Forest Service failed to communicate accurate information about fire and fire protection activities). Accordingly, insofar as Plaintiffs' failure-to-warn claims arise out of the alleged affirmative misstatements described above, the misrepresentation exception bars their claims.

> 2. **The Misrepresentation Exception Bars Plaintiffs' Failure-to-Warn Claims Insofar as they Arise out of Alleged Failures to Communicate.**

Although Plaintiffs' failure-to-warn claims encompass allegations that the Park Service communicated certain inaccurate information, Plaintiffs' claims rest in large part on allegations that the Park Service *failed* to communicate certain information about the Fire. *See Reed*, ECF 1 ¶¶ 382–99; *State Farm*, ECF 1 ¶ 89; *Auto-Owners*, ECF 32 ¶¶ 243–67. Because claims premised on allegations of a failure to communicate "arise out of . . . misrepresentation," 28 U.S.C. § 2680(h), the misrepresentation exception bars Plaintiffs' failure-to-warn claims.

As explained above, courts have consistently held that the misrepresentation exception applies not only to claims arising out of reliance on misstatements of fact, but also to claims based on failures to communicate. *Nat'l Mfg.*, 210 F.2d at 276; *Zelaya v. United States*, 781 F.3d 1315, 1334–35 (11th Cir. 2015) ("[U]nfortunately for Plaintiffs, miscommunication and non-communication yield the same result for purposes of the misrepresentation exception, because the misrepresentation exception encompasses failure to communicate as well as miscommunication."); *Muniz-Rivera*, 326 F.3d at 13 ("The case law makes manifest that the prophylaxis of the misrepresentation exception extends to failures of communication."); *Lawrence v. United States*,

11

340 F.3d 952, 958 (9th Cir. 2003) ("The misrepresentation exception shields government employees from tort liability for failure to communicate information, whether negligent, or intentional."); *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993) (explaining that exception "covers both affirmative acts of misrepresentation and omissions of material fact."); *Ingham v. Eastern Air Lines, Inc.*, 373 F.2d 227, 239 (2d Cir. 1967) (recognizing that misrepresentation for purposes of Section 2680(h) exception "may result from the failure to provide information, as well as from providing information that is wrong"); *Dyer v. United States*, 96 F. Supp. 2d 725, 737–38 (E.D. Tenn. 2000) (citing *Neustadt*, 366 U.S. at 702) ("the [misrepresentation] exception bars liability alleged to arise out of either intentional or negligent concealment or misrepresentation"); *1200 Sixth Street LLC v. United States ex rel. G.S.A.*, 848 F. Supp. 2d 767, 776 (E.D. Mich. 2012) ("To determine whether the plaintiff's claim is barred [by the misrepresentation exception], the court must consider whether the focal point of the claim is negligence in the communication of (or failure to communicate) information") (quotation omitted); *Nixon v. United States*, 916 F. Supp. 2d 855, 859 (N.D. Ill. 2013) ("The exception applies to both negligent and intentional misrepresentations, as well as to both affirmative acts and omissions of material fact") (quotation omitted); *Badley*, 2015 WL 12830450, at *1 (citing *Neustadt*, 366 U.S. at 702, 711) ("The misrepresentation exception prevents a plaintiff's cause of action for tort claims based on a plaintiff's reliance on governmental misinformation or failure to communicate correct information.").

Further, courts have applied the misrepresentation exception to claims characterized as negligent failure to warn. *Nat'l Mfg.*, 210 F.2d at 276; *Dyer*, 96 F. Supp. 2d. at 733, 737–38 (applying misrepresentation exception to negligence claim based on government's alleged "failure to properly warn" plaintiff of dangerous substances to which she was exposed while working at K-25 nuclear facility in Oak Ridge, Tennessee); *Green v. United States*, 629 F.2d 581, 584 (9th Cir. 1980) ("The misrepresentation exception has been held to bar suits based on a failure to give any

12

warning to injured parties."); *Redmond v. United States*, 518 F.2d 811, 816–17 (7th Cir. 1975) (holding that plaintiff's claim, which was in essence that Government failed to warn of individual's criminal conduct, was barred by misrepresentation exception); *Muniz-Rivera v. United States*, 204 F. Supp. 2d 305, 310–11 (D.P.R. 2002) (explaining that "a claim based on a failure to warn or communicate will also be barred" by the misrepresentation exception); *Fed. Sav. & Loan Ins. Corp. v. Smith*, 721 F. Supp. 1039, 1048 (E.D. Ark. 1989) ("Negligent failure to warn as asserted in the Third-Party Complaint is a form of negligent misrepresentation, and as such it may not be the basis of a tort claim against the United States."). Plaintiffs' failure-to-warn claims are premised upon the Park Service's alleged failure to communicate information about the danger the Fire posed to the Gatlinburg area. As the above authorities demonstrate, the misrepresentation exception bars these claims.

Plaintiffs may argue that the reasoning in *Block* applies to their failure-to-warn claims. As *Block* explains, the misrepresentation exception will not apply when a negligence action focuses "not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Block*, 460 U.S. at 297. In the cases in which the *Block* rationale has applied, "courts have identified some separate duty—usually referred to as an 'operational' duty—that is both distinct from the duty to communicate and essential to the plaintiff's claim." *Zelaya*, 781 F.3d at 1336; *see Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000).

The Court's decision in *Block* and the cases applying its rationale are instructive in identifying those claims that involve some separate, operational duty, to which the duty to communicate is merely collateral. *Block*, 460 U.S. at 296–97 (claim rested not on agency's duty to make accurate communications, but instead on its duty to use due care in supervising a construction project); *JM Mech. Corp. v. United States*, 716 F.2d 190, 191 (3d Cir. 1983) (holding that essence of

13

claim was "the failure of the government to secure new bonds, not . . . the government's failure to tell [the subcontractor] of the failure of the original bonds"); *Zelaya*, 781 F.3d at 1336–37 (explaining that *Block*'s reasoning has applied to cases "that involve the mishandling of records. In these cases a plaintiff was denied a benefit because the government misdelivered or misfiled some essential document"); *Saraw P'Ship v. United States*, 67 F.3d 567, 571 (5th Cir. 1995) (citations omitted) (misrepresentation exception did not apply to claim that Veterans' Administration failed to enter plaintiff's loan payment properly, where "proper focal point" was the "operational task" of handling plaintiff's loan payments, and "any lack of communication on the government's part [was] collateral to the fact of the mishandling of [plaintiff's] payments"); *Muniz-Rivera*, 326 F.3d at 13–14 (distinguishing between claims based on government's failure to provide any warning about risk of homes flooding, to which exception applied, and claims related to government's role in supervising construction of homes, to which exception did not apply).

Unlike the cases described above in which courts applied *Block*'s rationale, here Plaintiffs' failure-to-warn claims do not involve any alleged negligence in carrying out a duty unrelated to the communication of information or in performing an "operational task" in which the communication of information is merely collateral, such as supervising construction, handling records, or submitting payments. Rather, the heart of Plaintiffs' failure-to-warn claims is the allegation that the Park Service failed to timely communicate information concerning the Fire to Plaintiffs, *i.e.*, that the Park Service "fail[ed] to use due care in communicating information." *See Block*, 460 U.S. at 297. There is no aspect of Plaintiffs' failure-to-warn claims that arises out of the "breach of a different duty" unrelated to the communication of information. *See id.* Thus, the Supreme Court's holding in *Block* does not apply here.

As explained above, courts have consistently applied the misrepresentation exception to negligence claims involving alleged failures to communicate, as such claims "arise out of . . .

14

misrepresentation." *See* 28 U.S.C. § 2680(h). Because the focus of Plaintiffs' failure-to-warn claims is the alleged failure of the Park Service to communicate information about the Fire, not an alleged breach of a "different duty" or the failure to perform an "operational task," the misrepresentation exception bars Plaintiffs' failure-to-warn claims in this litigation.

## CONCLUSION

For the reasons explained above, Plaintiffs' failure-to-warn claims are barred by the FTCA's misrepresentation exception. Therefore, Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction.

Dated: June 1, 2021

Respectfully submitted,

VARU CHILAKAMARRI
Deputy Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch
Civil Division

DEBRA R. COLETTI
Assistant Director, Torts Branch
Civil Division

*/s/ Grant E. Treaster*
GRANT E. TREASTER
THEODORE W. ATKINSON
MARTIN F. ST. AUBIN
Trial Attorneys, Torts Branch
United States Department of Justice
Civil Division
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
Telephone: (202) 616-2359
Email: grant.treaster@usdoj.gov
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of Court via the Court's Electronic Filing System, which will provide electronic notification to all Filing Users. Any parties who are not Filing Users will be served with a paper copy of the foregoing by first-class mail, postage pre-paid.

*/s/ Grant E. Treaster*
GRANT E. TREASTER