IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL B. REED, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18–CV–201 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| BRITTANY N. HYRE ANCULLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18–CV–308 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| BRITTANY ADKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18–CV–310 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| JAMES CARL VANCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19–CV–283 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| JACKIE SUE BARNES, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:19–CV–296 |
| UNITED STATES OF AMERICA | )<br>)<br>) |
| Defendant. | )<br>) |
| AMERICAN RELIABLE INSURANCE COMPANY, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:19–CV–469 |
| UNITED STATES OF AMERICA | )<br>)<br>) |
| Defendant. | )<br>) |
| STATE FARM FIRE AND CASUALTY COMPANY, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:19–CV–470 |
| UNITED STATES OF AMERICA | )<br>)<br>) |
| Defendant. | )<br>) |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:19–CV–472 |
| UNITED STATES OF AMERICA | )<br>)<br>) |

| | |
|---|---|
| Defendant. | ) |
| | ) |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:19–CV–474 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) ) |
| AUTO-OWNERS INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:19–CV–478 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) ) |
| PAUL W. ABBOTT, et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20–CV–149 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | |

## ORDER

Rule 42 of the Federal Rules of Civil Procedure grants district courts considerable discretion to consolidate cases or order separate trials. The Sixth Circuit Court of Appeals has noted that Rule 42 "gives the court virtually unlimited freedom to try the issues in whatever way

trial convenience requires." *In re Bendectin Litig.*, 857 F.2d 290, 316 (6th Cir. 1988) (quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 2387 at 278 (2d ed. 1984)).

With the authority to structure the case as needed, the Court discussed approaches for bringing these cases to an efficient and just resolution with the Parties. At the status hearing held on April 27, 2021, the discussion covered whether certain issues could be consolidated or separated and whether the use of bifurcation or bellwether cases would be useful.

Ultimately, the Court and Parties came to the agreement that justice is best served by consolidating the above captioned cases and bifurcating them into two phases (Phase I and Phase II). Phase I will bring to trial two elements of negligence—duty and breach. The outcome of Phase I will be binding on all Parties and will prevent repetitious trials with repetitive evidence on common issues of law and fact. If the United States prevails on any issue in Phase I, a final judgment will be entered, and Phase II will be unnecessary.

The other elements of negligence, causation (cause in fact and proximate cause) and damages, will be litigated in Phase II. Phase II will use test cases and bellwether Plaintiffs, selected by the Parties, as representatives of common claims. These test cases and bellwether Plaintiffs will be brought to final judgments. The outcome of Phase II will only be binding on the Parties as to the test cases and bellwether Plaintiffs. Bringing test cases and bellwether Plaintiffs to final judgments will allow the Parties to appeal as of right and provide the Parties with information necessary to continue litigating the remaining cases and Plaintiffs.

The Court gave the Parties an opportunity to object to this trial format, and no Party objected. Further, in their Rule 26(f) Report, the Parties requested that these cases be consolidated. Therefore, it appearing to the Court that the above-captioned cases present common questions of

law and fact, it is hereby ORDERED that these actions are CONSOLIDATED and that all future filings will be in case No. 3:18–CV–201 until further Order of the Court.

After the Parties have submitted their list of test cases and bellwether Plaintiffs, the Court will address severing or consolidating those test cases and bellwether Plaintiffs in a separate action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
