# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

| | |
|---|---|
| MICHAEL B. REED, et al.,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:18-cv-201-JRG-CRW<br>Hons. Greer / Wyrick |
| BRITTANY ADKINS, et al.,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:18-cv-310-JRG-CRW<br>Hons. Greer / Wyrick |
| BRITTANY N. HYRE ANCULLE, et al.,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:18-cv-308-JRG-CRW<br>Hons. Greer / Wyrick |
| JAMES CARL VANCE, et al.,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:19-cv-283-JRG-CRW<br>Hons. Greer / Wyrick |
| JACKIE SUE BARNES, et al.,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 3:19-cv-296-JRG-CRW<br>Hons. Greer / Wyrick |

PAUL W. ABBOTT, et al.,
     Plaintiffs,

v.

UNITED STATES OF AMERICA,
     Defendant.

Case No. 3:20-cv-149-JRG-CRW
Hons. Greer / Wyrick

## PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENTS

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs hereby move to alter or amend the Judgments issued in favor of Defendant United States of America (the "Government") on February 28, 2022.[1]

## **INTRODUCTION**

The Court recently dismissed the actions of several hundred individual Plaintiffs seeking damages for the destruction of their properties, and in some cases personal injuries or the deaths of their loved ones, caused by the Chimney Tops 2 Fire that spread from the Great Smoky Mountains National Park and raged into Sevier County and the City of Gatlinburg soon after Thanksgiving in 2016. The Court held it lacked jurisdiction over Plaintiffs' actions because they failed to provide the requisite "minimal notice" when presenting their claims to the Government, as required by 28 U.S.C. § 2675(a). The Court's ruling was based on its finding that Plaintiffs failed to specifically state in their SF-95 forms, or otherwise advise the Government prior to litigation, that they were asserting claims based on the Government's failure to warn of the fire and the dangers it posed. The Court's ruling amounts to a clear error of law, however, because the Sixth Circuit has held the requirements of 28 U.S.C. § 2675, including the presentment requirements of 28 U.S.C. § 2675(a), are *not* jurisdictional. *See Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021); *Kellom v. Quinn*, 20-1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021) (issued after the Government's motion to dismiss was fully briefed and heard). Thus, contrary to the Court's order of dismissal, any deficiencies in the notices Plaintiffs presented to the Government do not deprive this Court of jurisdiction to adjudicate their actions.

Furthermore, since the Court entered its order of dismissal, Plaintiffs' counsel have

---

[1] *Reed, et al., v. USA*, 3:18-cv-201 (Doc. 161); *Anculle, et al., v. USA*, 3:18-cv-308 (Doc. 140); *Adkins, et al., v. USA*, 3:18-cv-310 (Doc. 141); *Vance, et al., v. USA*, 3:19-cv-283 (Doc. 119); *Barnes, et al., v. USA*, 3:19-cv-296 (Doc. 118); *Abbott, et al., v. USA*, 3:20-cv-149 (Doc. 101).

discovered evidence showing that not only did the Government have actual notice of Plaintiffs' failure to warn claims, it also advised Plaintiffs' counsel during a meet and confer and in writing that their initial SF-95 forms were sufficient and that it was not aware of any defects to the notice provided of these claims. Having received this reassurance from the United States, Plaintiffs relied on the Government's representations to their detriment by using substantially similar SF-95 forms to provide notice for additional individual Plaintiffs and by refraining from amending any of the SF-95 forms to provide the notice this Court found wanting, which they would have been permitted to do under 28 C.F.R. § 14.2(e), or filing new forms as the statute of limitations had not yet run. Under these circumstances, it would be manifestly unjust to deprive Plaintiffs access to the Court to redress their grievances against the Government.

Accordingly, Plaintiffs respectfully request the Court vacate the judgments it entered in *Reed*, *Anculle*, *Adkins*, *Vance*, *Barnes*, and *Abbott*.

## STATEMENT OF FACTS

This case arises from injuries, deaths, and property damage that resulted from the Chimney Tops 2 Fire, which originated in the Great Smoky Mountains National Park on November 23, 2016 and made its way into Sevier County and the City of Gatlinburg on November 28, 2016. *See generally Reed*, Compl., Doc. 1, at ¶¶ 95, 99, 232-234, 268. Hundreds of individuals suffered damages from this fire, which has resulted in multiple lawsuits being filed both by individual plaintiffs for personal injuries, property damages, and wrongful death damages, and insurance company plaintiffs for the reimbursement of insurance claims made by injured individuals and businesses.

### Presentment Requirement of Federal Tort Claims Act

Each of the dismissed lawsuits was filed against the United States of America under the

Federal Tort Claims Act, "which waives the government's immunity from certain state-law tort claims." *Kellom v. Quinn*, 20-1003, 2021 WL 4026789, at *2 (6th Cir. Sept. 3, 2021) (citing 28 U.S.C. § 1346(b)). The Act includes a presentment requirement that requires plaintiffs to exhaust their administrative remedies by "first present[ing] their damages claim to the relevant governmental agency and pursu[ing] that claim until the agency renders a final decision." *Id.* (citing 28 U.S.C. § 2675(a)). A plaintiff has two years from the time a claim accrues to present it to the appropriate federal agency. 28 U.S.C. § 2401. The plaintiff can do so by presenting the agency with a completed SF-95 form, but is not required to use this form to present the requisite notice of claim. *Glarner v. U.S., Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994).

The presentment requirement was added to the Federal Tort Claims Act in 1966 in order "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974) (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), U.S. Code Cong. & Admin. News, p. 2516). "Prior to 1966, tort claimants could first file suit against the United States; the United States Attorney would then refer the complaint to the relevant agency for possible settlement." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981) (citing *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980), as clarified, 622 F.2d 197). "The 1966 amendments to the Act reversed this order, eliminating an often superfluous procedural step. These amendments, however, do not make agencies the ultimate or preferred arbiters of federal tort claims, rather only the initial ones." *Id.*

If the federal agency provides written notice of the final denial of the claim, the plaintiff has six months thereafter to bring a lawsuit. *See* 28 U.S.C. § 2401. The agency's failure to provide written notice of final denial within six months of the claim's presentment may, "at the option of

3

the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). As recently held in *Kellom v. Quinn*, 20-1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021), the presentment requirement in the Federal Tort Claims Act is *not* jurisdictional. This means that a court does not lose the power to adjudicate a plaintiff's claim upon determining the presentment requirement was not satisfied—the court has the power to excuse the requirement depending on the circumstances. *See Kellom*, 2021 WL 4026789, at *3 (remanding "for the district court to decide in the first instance whether to excuse any delay and whether the amended complaint filed post-exhaustion cures any defect" because claims-processing rules like § 2675(a) "don't always mandate dismissal); *Copen*, 3 F.4th at 878 n.1 (remanding with explanation that district court maintained jurisdiction and was "authorized to consider any arguments the parties may raise under Fed. R. Civ. P. 12(b)(6), including those that would have been unavailable under 12(b)(1)"). Because Plaintiffs' claims accrued on November 28, 2016, the date the fire ravaged the City of Gatlinburg and other areas of Sevier County, Plaintiffs were required to present their claims to the United States Department of the Interior (the federal agency that oversees the National Park Service) by November 28, 2018. Once Plaintiffs presented their claims, they were entitled to amend them "at any time prior to final agency action," 28 C.F.R. § 14.2(e), which the Government never provided any of the Plaintiffs, or prior to exercising their option under 28 U.S.C. § 2675(a) to deem the claims denied as a result of the agency failing to provide written notices of final denial. *Id.*

### History of Plaintiffs' Presentment of Claims

Individuals impacted by the Chimney Tops 2 Fire have filed six different lawsuits. After the Government approved of the presentment of the first two Plaintiffs' claims as set forth in their SF-95 forms, Plaintiffs' counsel used or maintained substantially similar descriptions for the other

individual plaintiffs.

### 1. *Reed, et al., v. USA*, 3:18-cv-201-JRG-CRW

*Reed* was the first case to be filed. It was filed by two individual Plaintiffs—Michael B. Reed and James L. England on May 23, 2018. *See Reed*, Compl., Doc. 1. Each Plaintiff submitted a completed SF-95 form to the Department of the Interior. *See Reed*, Doc. 1-3 & 1-4. Plaintiff England provided his SF-95 form first, on January 6, 2017, and provided the following description of the basis of his claim: "The defendant, through its employees, failed to follow mandatory regulations to monitor a fire in the Great Smoky Mountains National Park, thereby allowing it to spread beyond the park boundaries onto plaintiff's private property destroying his homeplace and furnishings." *Reed*, Doc. 1-4 at p. 1. Plaintiff Reed provided his SF-95 form the following month, on February 17, 2017, providing a substantially similar description for the basis of his claim: "The U.S. Government through its employees, failed to follow mandatory regulations to monitor and extinguish a fire in the Great Smoky Mountains National Park, thereby allowing it to spread beyond the park boundaries onto claimant's private property, destroying their property and resulting in the death of his wife, Constance and their daughters Chloe Lily." *Reed*, Doc. 1-3 at p. 1. The Government did not provide Plaintiff Reed or Plaintiff England with written notices of final denial of their claims.

### 2. The Government Represented to Plaintiffs that the Descriptions of Claims in the SF-95 Forms Presented by Plaintiffs Reed and England and Hundreds Additional Victims of the Fire were Sufficient

The *Reed* complaint was filed in this Court on May 23, 2018 and contained a count for negligent failure to warn. *See Reed*, Compl., Doc. 1 at pp. 138-146.[2] At the time the *Reed* complaint was filed, hundreds of additional victims of the Chimney Tops 2 Fire had already

_____

[2] Negligent failure to warn was the only claim pending on behalf of any of the individual Plaintiffs at the time the Court dismissed their actions.

presented their claims to the Government on SF-95 forms using substantially similar language as that used by the *Reed* plaintiffs, but none of these individuals were named as plaintiffs in *Reed*. Thus, the Government was on notice that hundreds of fire victims had made claims for damages, and only two of those individuals had taken the next step by filing a lawsuit.

On July 17, 2018, Plaintiffs' counsel Gordon Ball had a telephone call with the Department of Justice attorneys defending the *Reed* case. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>. During the call, Attorney Ball received confirmation that the Government's counsel had read the *Reed* complaint, including the count for negligent failure to warn. *Id*. Attorney Ball wanted to be sure that there were no problems with the SF-95 forms presented by Plaintiffs Reed and England—or the SF-95 forms presented by the hundreds of additional victims of the Fire, so he raised this issue with defense counsel. *Id*. Attorney Ball "was assured orally by DOJ counsel that the forms were complete and the defendant had no problems with the forms or their completeness." *Id*. at ¶ 3.[3] Defense counsel never claimed the *Reed* Plaintiffs or any of the hundreds of Fire victims who had presented their claims on SF-95 forms failed to provide notice sufficient to inform the Government that one of their claims was based on the Government's negligent failure to warn.

A letter dated July 17, 2018 from defense counsel Ted Atkinson confirms Attorney Ball's

---

[3] This was the second time Plaintiffs' counsel had discussed the sufficiency of Plaintiffs' SF-95 forms with Government's counsel. On July 2, 2018, Plaintiffs' counsel Sidney Gilreath was also contacted by defense counsel regarding the 202 administrative claims that had been presented to the Government for claims arising out of the Fire. *See* Email attached as <u>Exhibit 1</u> to Declaration of Gordon Ball. At that time, DOJ attorneys again suggested using the *Reed* complaint as a test case because other than damages, discovery was going to be the same with regard to each claim. *Id*. at ¶ 1. Plaintiffs' counsel pointedly asked defense counsel whether the Government intended to move to dismiss based on "technical or administrative grounds (having to do with how [Plaintiffs] submitted [their] Form 95's – failure to exhaust administrative remedies)" and the Government's counsel, Ted Atkinson, assured Plaintiffs' counsel that they "are not looking to sand-bag you and it looks like with the exception of a couple rental claims, all the Form 95s are timely and in proper order." *Id*. at ¶ 2.

understanding. *See* Confirming Letter attached as <u>Exhibit 2</u> to Declaration of Gordon Ball. In the

letter, Attorney Atkinson states they "discussed that the United States anticipates filing a motion

to dismiss in response to Plaintiffs' Complaint" and would engage in a meet and confer with

Plaintiffs' counsel on the matter. *Id*. at p. 1. Attorney Atkinson continued:

> We also discussed using the above-referenced *Reed* case as a test case. Based on our call and on an introductory call with Gordon today, you appeared amenable to using *Reed* as a test case. Please let us know how you would like to proceed once you have had a chance to discuss it among counsel.
>
> For our part, we agreed to recommend to the Department of the Interior ("DOI") that it not deny any of your clients' administrative claims so that *Reed* could serve as a test case. DOI has informed us that if *Reed* serves as a test case, DOI will not deny any administrative claims already presented by your clients or any which are properly presented to DOI in connection with the Chimney Tops 2 Fire.
>
> Finally, we discussed your concern that if *Reed* was used as a test case, you would not know if there were any jurisdictional defects in your clients' claims that would place any later brought case outside the Federal Tort Claims Act's statute of limitations. As we informed you, the United States cannot waive jurisdictional defects in administrative claims. However, the United States is not now aware of any jurisdictional defects in the 202 administrative claims you have filed on behalf of your clients arising out of the Chimney Tops 2 Fire.[4]

*Id*. at p. 2. This letter confirmed what the Government's counsel advised Plaintiff's counsel on the

July 17, 2018 call—that the Government had no problem with the notice provided in the hundreds

of SF-95 forms that had already been presented to the Government. By referring to the

administrative claims filed on behalf of 202 individuals, and requesting to use as a test case the

*Reed* civil action that had been filed in court on behalf of only two such individuals, this letter also

demonstrates that the Government had actual notice of the failure to warn claims of the additional

---

[4] At the time of this letter, the Sixth Circuit had not yet held that the claim-processing rules in the Federal Tort Claims Act are not jurisdictional. *See Robinson v. Memphis Health Ctr., Inc.*, 2022 WL 287931, at *3 (W.D. Tenn. Jan. 31, 2022) (recognizing under "recent Sixth Circuit precedent, the FTCA's claim-processing rules are mandatory although not jurisdictional.") (citing *Copen* at 880–82 and *Kellom*, 2021 WL 4026789, at *2–3).

200 Fire victims prior to their civil actions ever being filed in Court. *See Dixon v. United States*, 96 F. Supp. 3d 1364, 1370 (S.D. Ga. 2015) (looking to Plaintiff's SF–95 and accompanying letter to determine whether Government received sufficient notice); *Douglas v. United States*, 658 F.2d 445, 449 (6th Cir. 1981) (looking to Plaintiff's SF-95 as well as letters and reports provided to Government to determine whether notice was sufficient).

Further, the representations of the Government's counsel over the phone and in writing demonstrate that the purpose of the presentment requirement had been satisfied. The Government was not deprived of an opportunity to settle the tort claims of the Fire victims prior to litigation. *See Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974) (reasoning that allowing insurers to pursue legal claims without first filing administrative claims was not contrary to purpose of presentment requirement because, *inter alia,* "it appears that litigation would have been necessary even if the insurers had filed an administrative claim. It seems unlikely that the Government would have wished to settle this large and factually unusual claim. . . ."). It was the Government who proposed litigating *Reed* as a test case rather than settling the presented claims without litigation. The Government "certainly was not prevented from attempting a compromise," *id*., instead as only two out of 200 administrative claims were involved in litigation at that point.

Based on the Government's assurances and specific representations, Plaintiffs' counsel did not amend any of the SF-95 forms presented on behalf of any of the hundreds of victims of the Fire, including those of the *Reed* plaintiffs, did not present any new claims for those individuals, and used substantially similar language when presenting SF-95 claim forms for additional victims of the Fire. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>.

Consistent with its representations, when the Government filed its initial motion to dismiss for lack of jurisdiction on October 10, 2018, it did not raise any issues with Plaintiffs' SF-95 claim

forms. *See Reed*, Defendant's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 23-1. Nor did it raise any such issues in its renewed motion to dismiss for lack of jurisdiction, filed on February 7, 2020. *See Reed*, Defendant's Memorandum in Support of Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 49-1. The Government waited three years from the time it assured Plaintiffs' counsel it had no issues with Plaintiffs' notices of claim to move to dismiss the claims for lack of jurisdiction due to their failure to specifically assert the theory of negligent failure to warn.[5] *See Reed*, Defendant's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 110-1, filed June 1, 2021. By this time, of course, the time had run for Plaintiffs to amend their notices of claim or file new claims.

### 3. *Anculle, et al., v. USA*, 3:18-cv-308-JRG-CRW

*Anculle*, filed on July 25, 2018 on behalf of 100 individual Plaintiffs, was the second case to be filed. *See Anculle,* Compl., Doc. 1. Plaintiffs' counsel had presented the SF-95 forms for the *Anculle* Plaintiffs' claims to the Government on September 5, 2017. *See Anculle*, Doc. 1-1. It was only after receiving assurances from the Government's counsel on the July 17, 2018 call and in the confirming letter that the claim forms were sufficient that Plaintiffs' counsel filed the *Anculle* complaint. It was in reliance on the Government's representations regarding the sufficiency of the SF-95 claim forms that Plaintiffs' counsel filed the *Anculle* complaint without first providing the Government with amended forms or new claim notices that specifically set forth Plaintiffs' claims for negligent failure to warn. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 4.

---

[5] Attorney Ball contacted Attorney Atkinson regarding the Government filing a motion to dismiss based on the sufficiency of Plaintiffs' claim forms after representing that it would not do so. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 6. Defense counsel blatantly misrepresented and denied that he had ever made such a representation. *Id*. After extensive searching, Attorney Ball was only recently able to find the letter from Attorney Atkinson confirming that he did make this representation at the outset of this litigation. *Id*. at ¶ 7.

### 4. *Adkins, et al., v. USA*, 3:18-cv-310-JRG-CRW

Also on July 25, 2018, Plaintiffs' counsel filed the *Adkins* complaint on behalf of 157 individual Plaintiffs, making it the third case to be filed. *See Adkins*, Compl., Doc. 1. Plaintiffs' counsel had sent the SF-95 forms for the *Adkins* Plaintiffs' claims to the Government on November 7, 2017. *See Adkins*, Doc. 1-1. It was only after receiving assurances from the Government's counsel on the July 17, 2018 call and in the confirming letter that the claim forms were sufficient that Plaintiffs' counsel filed the *Adkins* complaint. It was in reliance on the Government's representations regarding the sufficiency of the SF-95 claim forms that Plaintiffs' counsel filed the *Adkins* complaint without first providing the Government with amended forms or new claim notices that specifically set forth Plaintiffs' claims for negligent failure to warn. *See* Declaration of Gordon Ball, attached as Exhibit A, at ¶ 4.

### 5. *Vance, et al., v. USA*, 3:19-cv-283-JRG-CRW

*Vance*, filed on July 19, 2019 (about a year after *Reed, Anculle, and Adkins*) on behalf of nine Plaintiffs, was the fourth case to be filed. *See Vance*, Compl., Doc. 1. Plaintiffs' counsel sent the SF-95 forms for the *Vance* Plaintiffs' claims to the Government much later than the forms for the earlier cases. *See Vance*, Docs. 1-1 to 1-7. In fact, all but two of the SF-95 forms for the *Vance* Plaintiffs were sent to the Government months after the July 17, 2018 call between Plaintiffs' counsel and defense counsel. *Id*. It was in reliance on the Government's representations regarding the sufficiency of the earlier filed SF-95 claim forms that Plaintiffs' counsel provided substantially similar SF-95 forms for the *Vance* Plaintiffs and filed the *Vance* complaint without first providing the Government with amended forms or new claim notices that specifically set forth Plaintiffs' claims for negligent failure to warn. *See* Declaration of Gordon Ball, attached as Exhibit A, at ¶ 4.

### 6. *Barnes, et al., v. USA*, 3:19-cv-296-JRG-CRW

The *Barnes* complaint was filed on August 2, 2019 on behalf of 94 Plaintiffs. *See Barnes*,

Compl., Doc. 1. Plaintiffs' counsel sent the SF-95 forms for the *Barnes* Plaintiffs' claims to the Government on August 30, 2018, *see Barnes*, Doc. 1-1, after the July 17, 2018 call between Plaintiffs' counsel and defense counsel and receipt of the confirming letter. It was in reliance on the Government's representations regarding the sufficiency of the earlier filed SF-95 claim forms that Plaintiffs' counsel provided substantially similar SF-95 forms for the *Barnes* Plaintiffs and filed the *Barnes* complaint without first providing the Government with amended forms or new claim notices that specifically set forth Plaintiffs' claims for negligent failure to warn. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 4.

### 7. ***Abbott, et al., v. USA*, 3:20-cv-149-JRG-CRW**

The last complaint filed on behalf of individual Plaintiffs is *Abbott*, which was filed on April 8, 2020 on behalf of 165 Plaintiffs. *See Abbott*, Compl., Doc. 1. The vast majority of the *Abbott* Plaintiffs' SF-95 forms were presented to the Government between September and November 2018, *see Abbott*, Doc. 1-4, after the July 17, 2018 call between Plaintiffs' counsel and defense counsel and receipt of the confirming letter. It was in reliance on the Government's representations regarding the sufficiency of the earlier filed SF-95 claim forms that Plaintiffs' counsel provided substantially similar SF-95 forms for the *Abbott* Plaintiffs and filed the *Abbott* complaint without first providing the Government with amended forms or new claim notices that specifically set forth Plaintiffs' claims for negligent failure to warn. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 4.

### <u>Notice Given by Insurance Carrier Plaintiffs</u>

In November 2018, prior to the filing of the complaints in *Vance*, *Barnes*, and *Abbott*, the Insurance Carrier plaintiffs presented their administrative claims to the Government and listed, *inter alia*, claims for "'negligently failing to provide timely and accurate notice and warning to

Park neighbors, local government officials, local fire departments, local residents and visitors about the status of and imminent danger presented by The Chimney Top 2 Fire.'" Order, Doc. 160 at p. 4 (quoting Ex. To Notice, *Am. Reliable Ins.*, 3:19-CV-469, Doc. 19-1, PageID 52). The Insurance Carrier Plaintiffs notified the Government they are seeking remedies for damages suffered by their insureds and paid by the Carriers. *See State Farm, et al., v. U.S.*, 3:19-cv-00470, Doc. 1-2 at p. 4; *Allstate, et al., v. U.S.*, 3:19-cv-00474, Doc. 1-2 at p. 4. As exhibits to their SF-95 forms, the Insurance Carrier Plaintiffs listed these insureds by name. *See State Farm*, Doc. 1-2 at pp. 7-13, Doc. 1-4 at pp. 7-8; *Allstate*, Doc. 1-2 at pp. 6-7. Many of the Individual Plaintiffs were listed among the insureds named by the Insurance Carrier Plaintiffs.

The following Individual Plaintiffs in the *Barnes* case were named in the Insurance Carrier Plaintiffs' administrative claims: Stephanie M. Kennedy (*State Farm*, Doc. 1-2 at p. 9); Noble C. McCulley (*State Farm*, Doc. 1-2 at p. 10); Loren B. McCulley (*State Farm*, Doc. 1-2 at p. 10); Diana L. Morgan (*State Farm*, Doc. 1-2 at p. 10); Maryellen Nicholson (*State Farm*, Doc. 1-2 at p. 10); Larry W. Potter (*State Farm*, Doc. 1-4 at p. 7); Leslie O'Neill (*Allstate*, Doc. 1-2 at p. 6); and Bryan and Margaret Dantzler (*Allstate*, Doc. 1-2 at p. 6).

And the following Individual Plaintiffs in the *Abbott* case were named in the Insurance Carrier Plaintiffs' administrative claims: David and Denise Naquin (*Allstate*, Doc. 1-2 at p. 6); Brenda and James J. Halsey (*Allstate*, Doc. 1-2 at p. 6); Brittany Adkins (*State Farm*, Doc. 1-2 at p. 7); Deborah A. Brooks (*State Farm*, Doc. 1-2 at p. 7); Doreen R. King (*State Farm*, Doc. 1-2 at p. 9); Sandy M. Moore (*State Farm*, Doc. 1-2 at p. 10); Miranda L. Paulk (*State Farm*, Doc. 1-2 at p. 11); Dora Jean Paulk (*State Farm*, Doc. 1-2 at p. 11); Connie and Barry Springfield (*State Farm*, Doc. 1-2 at p. 12); Claude Thomas (*State Farm*, Doc. 1-2 at p. 12); Douglas and Audrey Yates (*State Farm*, Doc. 1-2 at p. 13); Dave Hisey (*State Farm*, Doc. 1-4 at p. 7—listed under

name of spouse, Sandra); *Stephen C. Hosse* (State Farm, Doc. 1-4 at p. 7); Larry and Karen Raymes (*Allstate*, Doc. 1-2 at p. 6); and Roy F. Merck (*Allstate*, Doc. 1-2 at p. 6).

The Insurance Carrier Plaintiffs' notices listing each of the above Individual Plaintiffs' failure to warn claims were presented to the Government prior to the Individual Plaintiffs filing those claims in this Court, giving the Government notice of those claims.

### **Order of Dismissal**

Plaintiffs litigated their actions for years, surviving two rounds of motions to dismiss, without the Government raising any argument that Plaintiffs failed to provide proper notice of their claims. The Government answered Plaintiffs' complaints, including the Counts for negligent failure to warn, without ever mentioning claim presentment or the SF-95 forms, much less the sufficiency of Plaintiffs' notice. *See Reed*, Doc. 52; *Anculle*, Doc. 45; *Adkins*, Doc. 44; *Vance*, Doc. 26; *Barnes*, Doc. 25; *Abbott*, Doc. 70.

The Government first raised this issue in its third round of motions to dismiss by filing, on June 1, 2021, a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure (12)(b)(1), which it described as a facial challenge to Plaintiffs' complaints, arguing that the SF-95 forms failed to provide "minimal notice" of the failure to warn claims, as required by 28 U.S.C. § 2675(a). *Reed,* Doc. 110. Attorney Ball contacted Attorney Atkinson regarding the Government reneging on its representation that the Plaintiffs' notices of their claims were sufficient. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 6. But defense counsel blatantly denied that he had ever made such a representation. *Id*. After extensive searching, Attorney Ball was only recently able to find the letter from Attorney Atkinson confirming that he did make this representation at the outset of this litigation. *Id*. at ¶ 7.

Briefing was completed on the motion to dismiss on August 9, 2021, *Reed,* Motion to

Dismiss Reply, Doc. 142, and the Court heard argument on August 18, 2021. On September 3, 2021, the Sixth Circuit published its opinion in *Kellom v. Quinn*, 20-1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021), explicitly holding—based on the Sixth Circuit's earlier holding in *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021)—that the presentment requirements of 28 U.S.C. § 2675(a) are *not* jurisdictional. Without acknowledging the ruling in *Kellom*, on February 28, 2022, this Court granted the Government's motion to dismiss after determining it lacks subject matter jurisdiction over Plaintiffs' actions because Plaintiffs failed to provide sufficient minimal notice under 28 U.S.C. § 2675(a) and entered judgments in the Government's favor. *Reed,* Mem. Opinion & Order, Doc. 160; Judgment, Doc. 161.

Plaintiffs have timely filed the instant motion to alter or amend the judgments of dismissal entered by the Court. *See S.B. by & through M.B. v. Lee*, 321CV00317JRGDCP, 2021 WL 4888915, at *4 (E.D. Tenn. Oct. 18, 2021) (Greer, J.) ("Rule 59(e) states that a party may file a motion to alter or amend judgment within twenty-eight days from the entry of judgment.") (citing Fed. R. Civ. P. 59(e)).

## STANDARD OF REVIEW

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## ARGUMENT

I.  **The Court's Dismissal of Plaintiffs' Actions Due to Lack of Subject Matter Jurisdiction Amounts to a Clear Error of Law**

When dismissing Plaintiffs' actions due to lack of subject matter jurisdiction, the Court held the 28 U.S.C. § 2675(a) notice requirement is jurisdictional. *Reed*, Mem. Opinion & Order,

Doc. 160 at 24. The Court recognized that while there was a strong argument under *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021), that the notice requirement should not be applied as jurisdictional, it was constrained to hold otherwise under the authority of *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981), because "in the Sixth Circuit, for now, the notice requirement is a jurisdictional requirement." *Reed*, Mem. Opinion & Order, Doc. 160 at 24. That ruling was a clear error of law, as demonstrated by the Sixth Circuit's recent ruling in *Kellom v. Quinn*, 20-1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021), which explained its ruling in *Copen* is much broader than that acknowledged by this Court—that the "failure to exhaust under the FTCA does *not* deprive a court of jurisdiction." *Id*. at *3.

In *Kellom*, which was issued just weeks after the Court heard argument on the Government's motion to dismiss, the plaintiffs had filed their complaint without filing an administrative claim at all. *See* 2021 WL 4026789, at *2–3.[6] Because the plaintiffs failed to exhaust their administrative claims before filing suit, "the district court dismissed the plaintiffs' FTCA claims for lack of jurisdiction." *Id*. at *3. As the Sixth Circuit explained, "Under long-standing Sixth Circuit precedent, that made sense: We've previously held that the FTCA's exhaustion requirement is jurisdictional." *Id*. For that proposition, the *Kellom* court cited *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–15 (6th Cir. 1974). In 1981, the Sixth Circuit in *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981), had similarly cited to *Executive Jet* for the proposition that "[t]he requirement in 28 U.S.[C. §] 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act and the two year statute of limitations . . . are jurisdictional requirements, not capable of waiver or subject to estoppel."

---

[6] The Plaintiffs filed the administrative claim three weeks after filing the complaint. *Id*.

The *Kellom* court then specifically repudiated the *Executive Jet* line of cases, explaining that the precedential value of those cases ended with *Copen*. *Kellom* at *3.

> [Since *Executive Jet*,] the Sixth Circuit changed course and held that failure to exhaust under the FTCA does *not* deprive a court of jurisdiction. *Copen v. United States*, 3 F.4th 875 (6th Cir. 2021). To be sure, *Copen* dealt with a different aspect of the FTCA's exhaustion requirement. The court in *Copen* considered the FTCA's requirement that a plaintiff specify the dollar amount he seeks to recover in his administrative claim, while the plaintiffs here failed to make any administrative claim at all before filing suit. *Compare* 28 U.S.C. § 2675(b), *with id.* § 2675(a). But *Copen*'s reasoning is still instructive. In *Copen*, we followed the Supreme Court's instruction to look for a clear statement by Congress before treating a statutory requirement as a jurisdictional rule. 3 F.4th at 880–81 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). The FTCA's dollar-amount requirement does not explicitly limit our jurisdiction. So we held that failure to satisfy it does not deprive us of jurisdiction. *Id.* at 882.
>
> The same is true here. The FTCA's provision requiring plaintiffs to first file an administrative claim does not say anything about a court's jurisdiction. So consistent with *Copen*, failure to satisfy that requirement does not deprive a court of jurisdiction.

*Kellom*, 2021 WL 4026789, at *3. Thus, under *Copen* and now *Kellom*, the Court's determination that it lacks subject matter jurisdiction over Plaintiffs' actions amounts to a clear error of law and should be vacated under Federal Rule of Civil Procedure 59(e). *See Broudy v. Mather*, 335 F. Supp. 2d 1, 4–5 (D.D.C. 2004) (holding "determination that it lacked jurisdiction . . . was clear error" warranting reconsideration).

The Court indicated in its Order that it might be inclined to grant the Government's motion to dismiss even if it determined the presentment requirement is not jurisdictional because the Government could have raised the matter as a motion to dismiss for failure to state a claim. *See* Order at p. 24 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006)). Were the Court to decide to follow that path, it should grant the dismissal with leave for Plaintiffs to amend their complaints without entering final judgment against Plaintiffs. *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (Where "'a more carefully drafted complaint

might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'") (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).

As Plaintiffs have set forth above, *supra* at pp. 4-13, and in the following table, the history with regard to their presentment of claims demonstrates that the Government had actual notice of Plaintiffs' failure to warn claims prior to all but the *Reed* complaint being filed.

| Timeline of Claim Presentment | |
|---|---|
| 11/28/16 | Chimney Tops 2 Fire enters Sevier County and City of Gatlinburg |
| 1/17 – 2/17 | Presentment of SF-95 forms for 2 *Reed* Plaintiffs |
| 9/5/17 | Presentment of SF-95 forms for 100 *Anculle* Plaintiffs |
| 11/7/17 | Presentment of SF-95 forms for 157 *Adkins* Plaintiffs |
| 5/9/18 | Presentment of SF-95 forms for 2 *Vance* Plaintiffs |
| 5/23/18 | *Reed* Complaint Filed—included count for Government's Failure to Warn |
| 7/17/18 | Telephone conference during which Government's Counsel advised SF-95 Claims Forms Received were Sufficient and suggested using *Reed* as a test case for all other claims |
| 7/25/18 | *Anculle & Adkins* Complaints Filed—included counts for Government's Failure to Warn |
| 8/30/18 | Presentment of SF-95 forms for 94 *Barnes* Plaintiffs |
| 9/18-11/18 | Presentment of SF-95 forms for remaining *Vance* Plaintiffs |
| 9/18-11/18 | Presentment of SF-95 forms for 165 *Abbott* Plaintiffs |
| 10/10/18 | First motion to dismiss—did not raise any issues with SF-95 forms |
| 11/18 | Insurance Carrier Plaintiffs presented SF-95 forms that included failure to warn claims and named several Individual Plaintiffs as their insureds |
| 11/28/18 | Statute of limitations to present claims—2 years from Fire |

| 7/19/19 | *Vance* Complaint Filed—included count for Government's Failure to Warn |
|---|---|
| 8/2/19 | *Barnes* Complaint Filed—included count for Government's Failure to Warn |
| 2/7/20 | Second motion to dismiss—did not raise any issues with SF-95 forms |
| 4/8/20 | *Abbott* Complaint Filed—included count for Government's Failure to Warn |
| 6/1/21 | Instant motion to dismiss filed challenging notice provided in SF-95 forms |

Plaintiffs in the *Anculle*, *Adkins*, *Vance*, *Barnes*, and *Abbott* actions can, therefore, set forth specific allegations in amended complaints demonstrating satisfaction of the presentment requirement because their SF-95 forms when combined with the *Reed* complaint, which the Government recognized as involving identical causes of action, put the Government on notice that they were seeking damages under a failure to warn theory of negligence. *See Dixon v. United States*, 96 F. Supp. 3d 1364, 1370 (S.D. Ga. 2015) (looking to Plaintiff's SF–95 and accompanying letter to determine whether Government received sufficient notice); *Douglas v. United States*, 658 F.2d 445, 449 (6th Cir. 1981) (looking to Plaintiff's SF-95 as well as letters and reports provided to Government to determine whether notice was sufficient).

Furthermore, Plaintiffs in all actions, including *Reed*, can set forth specific allegations demonstrating the Government waived the presentment requirement or should be estopped from challenging Plaintiffs' presentment of their failure to warn claims after it specifically represented to Plaintiffs' counsel orally and in writing that their SF-95 forms were sufficient. Plaintiffs relied on the Government's representations to their detriment because the Government waited until after the statute of limitations ran to challenge the notices provided by Plaintiffs. Rather than rewarding the Government's misconduct with final judgments in their favor, the Court should vacate the judgments and provide leave for Plaintiffs to amend their complaints. *See Bledsoe,* 342 F.3d at 644 (holding plaintiff must be given at least one chance to amend prior to dismissal with prejudice).

Plaintiffs' right to amend prior to suffering the entry of final judgments is demonstrated by both the *Copen* and *Kellom* courts, which recognize the important difference between a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and a motion to dismiss under 12(b)(6). In *Copen*, the court remanded with the directions that the district court "should consider any arguments the parties may have under Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1)," *Copen*, 3 F.4th at 884, despite the plaintiffs not raising any such arguments in the appeal. *See id*. at 884-85 (dissent). It explained, "the district court is now authorized to consider any arguments the parties may raise under Fed. R. Civ. P. 12(b)(6), including those that would have been unavailable under 12(b)(1)." *Id*. at n.1. The *Kellom* court also remanded, explaining:

> Because the exhaustion requirement is not jurisdictional, the procedural history in this case matters. When the United States moved for summary judgment based on lack of jurisdiction, the plaintiffs responded that the government's motion was untimely. Of course, that wouldn't matter if the failure to institute a new action had deprived the court of jurisdiction. Jurisdictional rules limit a court's power to hear a case, and they cannot be forfeited or waived. So a party can seek dismissal for jurisdictional defects at any point in the litigation. But claim-processing rules like this one are not jurisdictional and don't always mandate dismissal. *See Henderson v. Shinseki*, 562 U.S. 428, 435, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011). Moreover, the government's motion was filed after the Estate had exhausted its administrative remedies and had filed an unopposed amended complaint. Thus, if the government's motion was truly too late, that could have consequences. We will leave it for the district court to decide in the first instance whether to excuse any delay and whether the amended complaint filed post-exhaustion cures any defect.

*Kellom* at *3.

As in *Kellom*, the procedural histories in Plaintiffs' cases also matter. Plaintiffs have legitimate arguments that: 1) the Government did have actual notice of at least some of the Plaintiffs' claims based on these conversations and its receipt of the *Reed* complaint, which the Government proposed using as a test case, prior to the filing of the other five complaints by the individual Plaintiffs; 2) the Government had actual notice of the failure to warn claims of the Individual Plaintiffs in the *Barnes* and *Abbott* cases who were named in the Insurance Carrier

Plaintiffs' SF-95 forms prior to the filing of the *Barnes* and *Abbott* complaints; 3) any failure to satisfy the presentment requirement with regard to Plaintiffs' failure to warn claims was waived by the Government based on its conversations and confirming correspondence with and representations to Plaintiffs' counsel; and 4) the Government should be estopped from contesting Plaintiffs' satisfaction of the preemption requirement. These arguments are properly raised in opposition to a motion to dismiss under Rule 12(b)(6),[7] and Plaintiffs should be permitted to amend their Complaints to make factual allegations in support of these arguments before the Court decides whether Plaintiffs have failed to state a claim based on the manner in which they presented their administrative claims. Accordingly, Plaintiffs respectfully request the Court vacate, in their entirety, the judgments entered against them.

## II.    Denial of Plaintiffs' Motion to Alter or Amend Judgments will Result in Manifest Injustice

The procedural history in Plaintiffs' actions also shows that Plaintiffs will suffer manifest injustice if the Court denies their motion to alter or amend the judgments. As set forth above, *supra* at pp. 4-13, the Plaintiffs did not all file their complaints at the same time. The first plaintiffs to present their claims to the Government were the two plaintiffs in the *Reed* action who filed their complaint, which contains a count for the Government's negligent failure to warn of the fire, on May 23, 2018. *See Reed*, Compl. Doc. 1 at pp. 138-146. No other Plaintiffs filed complaints until Plaintiffs' counsel received assurances, orally and in writing, from the Government's counsel that their notices of claims were sufficient. *See* Declaration of Gordon Ball, attached as Exhibit A.

Based on the Government's representations, the 100 plaintiffs in *Anculle* and the 157

---

[7] *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (noting non-jurisdictional requirements are subject to waiver, estoppel, and equitable tolling).

plaintiffs in *Adkins* filed their complaints on July 25, 2018, several months before the expiration of the 2-year statute of limitations. *See Anculle*, Compl., Doc. 1; *Adkins*, Compl.*,* Doc. 1. Plaintiffs' counsel did not amend the SF-95 form notices for these 257 plaintiffs, which were substantially similar to those of the *Reed* Plaintiffs, before filing their complaints because defense counsel had advised Plaintiffs' counsel that the notices were sufficient. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 4. And they were sufficient because even if the Government was not put on minimal notice of the failure to warn claim upon receipt of the SF-95 notices, it was certainly put on minimal notice upon receipt of the *Reed* complaint, which the Government suggested using as a test case for all the other individual Plaintiffs' claims. *See* Confirming Letter attached as <u>Exhibit 2</u> to Declaration of Gordon Ball; *Dixon*, 96 F. Supp. 3d at 1370 (looking to Plaintiff's SF–95 and accompanying letter to determine whether Government received sufficient notice); *Douglas*, 658 F.2d at 449 (looking to Plaintiff's SF-95 as well as letters and reports provided to Government to determine whether notice was sufficient).

Plaintiffs' counsel also filed all additional SF-95 form notices with substantially similar statements of the Plaintiffs' claims based upon the Government's representation that the first filed claim forms were sufficient. *See* Declaration of Gordon Ball, attached as <u>Exhibit A</u>, at ¶ 4. Plaintiffs had plenty of time to amend their claim forms if they had any reason to believe they needed to. The complaints in the remaining three actions were not filed until a year or more later—*Vance* was filed on July 19, 2019 on behalf of nine plaintiffs, *see Vance*, Compl., Doc. 1; *Barnes* was filed on August 2, 2019 on behalf of 94 Plaintiffs, *see Barnes*, Compl., Doc. 1; and *Abbott* was filed on April 8, 2020 on behalf of 165 Plaintiffs. *See Abbott*, Compl., Doc. 1. If the Government had raised its argument that Plaintiffs failed to provide sufficient minimal notice to inform it of the failure to warn claims at a pragmatically sufficient time, then Plaintiffs would have

been able to cure the purported defect by presenting additional or amended SF-95 claim forms.

In light of the lengthy procedural history at issue, the Government's conduct in advising Plaintiffs' counsel that Plaintiffs' SF-95 forms were sufficient, and the Plaintiffs' reliance on the Government's assurances to their detriment, denial of Plaintiffs' motion to alter or amend judgments despite the Court having subject matter jurisdiction over their actions would result in manifest injustice to the hundreds of individual Plaintiffs who suffered damages as a result of the Chimney Tops 2 Fire by denying them the opportunity to have their claims considered on the merits.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion and vacate its judgments dismissing Plaintiffs' actions.

This, the 23rd day of March, 2022.

Respectfully submitted:

/s/ *Theodore J. Leopold*
THEODORE J. LEOPOLD
Attorney at Law
Cohen Milstein Sellers & Toll, PLLC
11780 US Highway One, Suite 500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile:  561) 515-1401
Email:  tleopold@cohenmilstein.com


SIDNEY W. GILREATH
Attorney at Law
Gilreath & Associates, P.L.L.C.
Bank of America Center
550 Main Avenue
Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 637-2442
Email: GilKnox@SidGilreath.com

GORDON BALL
CHASE FANN
Attorneys at Law
Gordon Ball, LLC
7001 Old Kent Drive
Knoxville, Tennessee 37919
Telephone: (865) 525-7028
Email: GBall@GordonBall.com