IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL B. REED, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) <br> _____ ) | No. 3:18–CV–201 |
| BRITTANY N. HYRE ANCULLE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) <br> _____ ) | No. 3:18–CV–308 |
| BRITTANY ADKINS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) <br> _____ ) | No. 3:18–CV–310 |
| JAMES CARL VANCE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) | No. 3:19–CV–283 |



| | )|
|---|---|
|JACKIE SUE BARNES, et al.,| )|
| | )|
|    Plaintiffs,| )|
| | )|
|v.| ) No. 3:19–CV–296|
| | )|
|UNITED STATES OF AMERICA| )|
| | )|
|    Defendant.| )|
| | )|
|PAUL W. ABBOTT, et al.,| )|
| | )|
|    Plaintiffs,| )|
| | )|
|v.| ) No. 3:20–CV–149|
| | )|
|UNITED STATES OF AMERICA,| )|
| | )|
|    Defendant.| )|

ORDER

Before the Court is a Motion to Alter or Amend Judgments. [Doc. 163][1]. The Motion is filed in six formerly consolidated cases. The United States responded in opposition. [Doc. 165]. Plaintiffs filed a reply, [Doc. 165], and a supplement, [Doc. 166]. For the reasons stated below, the Motion to Alter or Amend Judgments, [Doc. 163], is DENIED.

I. Background

This case arises from the Chimney Tops 2 Fire that swept through Gatlinburg, Tennessee, and surrounding areas in 2016. [Doc. 1, PageID 8–9]. The Fire resulted in tragic losses of life and substantial property damage. [*Id.*]. These cases were brought to recover damages from the United States. [*Id.* at PageID 7]. The Court previously granted a motion to dismiss for lack of subject

---
[1] Unless otherwise noted, record citations refer to *Reed v. United States*, 3:18–CV–201 (E.D. Tenn. 2018).

2

matter jurisdiction in cases brought by Individual Plaintiffs. [Doc. 160]. In that ruling, the Court held that the Individual Plaintiffs failed to provide notice to the United States of their negligent failure-to-warn claim as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). [*Id.* at PageID 5878–79]. Additionally, the Court ruled that providing notice under the FTCA was a jurisdictional requirement. [*Id.*]. Then, the Court entered judgments dismissing the Individual Plaintiffs' cases without prejudice. [Doc. 161]. Now, Individual Plaintiffs move the Court to alter or amend those judgments. [Doc. 163].

## II. Standard

Within 28 days of the entry of a judgment, a party may file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). A court may alter a judgment based on, "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005); *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

## III. Discussion

Individual Plaintiffs bring two main arguments in their motion. First, Individual Plaintiffs argue that the Court made a clear error in law by holding that the notice requirement of the FTCA was jurisdictional. [Doc. 163, PageID 5980]. Second, they argue that denial of their motion would permit a manifest injustice. [*Id.* at PageID 5986]. Neither argument is successful.

First, Individual Plaintiffs argue that that the notice requirement of 28 U.S.C. § 2675(a) is not jurisdictional. [Doc. 163, PageID 5980–81]. In its previous order, the Court acknowledged that Plaintiffs have a legitimate argument that the notice requirement of 28 U.S.C. § 2675(a) is no longer jurisdictional. The Supreme Court and Sixth Circuit have been changing jurisdictional

3

jurisprudence under the FTCA. But, in the Sixth Circuit, binding authority dictates that the notice requirement of 28 U.S.C. § 2675(a) is jurisdictional.

Individual Plaintiffs cite two Sixth Circuit cases to argue that the Court ruled incorrectly: *Copen v. United States,* 3 F.4th 875, 882 (6th Cir. 2021) and *Kellom v. Quinn*, No. 20–1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021). The Court already discussed *Copen* in its previous memorandum opinion and order and will not readdress the case.

The Court did not, however, discuss *Kellom*. In this unpublished case, a plaintiff filed a complaint and then, three weeks later, filed an administrative claim with the federal government. *Kellom*, 2021 WL 4026789, at *2. After the government denied the administrative claim, the plaintiff amended the complaint. *Id.* The district court dismissed the case because the plaintiff did not exhaust administrative remedies before filing suit, including failing to present the "claim to the relevant governmental agency . . . ." *Id.* at *2–3.

On appeal, the Sixth Circuit panel recognized that under "long-standing Sixth Circuit precedent[,] . . . the FTCA's exhaustion requirement is jurisdictional." *Id.* at *3. It went on to say, however, that a failure to satisfy § 2675(a) requirements no longer deprives a court of jurisdiction. *Id.* Then, the Sixth Circuit reversed the district court with instructions to decide if the government filed its motion to dismiss too late "and whether the amended complaint filed post-exhaustion cures any defect." *Id.*

The Court first notes that *Kellom* and this case are factually different. In *Kellom*, the plaintiff eventually filed an administrative claim and exhausted administrative remedies. Here, Individual Plaintiffs never filed a negligent failure-to-warn claim and never exhausted administrative remedies for a negligent failure-to-warn claim. Even when overlooking that factual distinction, the *Kellom* decision is not binding authority. *Sheets v. Moore*, 97 F.3d 164, 167 (6th

4

Cir. 1996) (stating that unpublished decisions "carry no precedential weight. They have no binding effect on anyone other than the parties to the action."). As the *Kellom* court recognized, under "long-standing Sixth Circuit precedent[,] . . . the FTCA's exhaustion requirement is jurisdictional." *Id.* at *3. This Court cannot change that precedent, and the Sixth Circuit has not changed it.

In their supplement, [Doc. 166], Individual Plaintiffs cite a new Supreme Court case ruling that 26 U.S.C. § "6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling." *Boechler, P.C. v. Comm'r of Internal Revenue,* 142 S. Ct. 1493, 1501 (2022). This case only reinforces that the Supreme Court and Sixth Circuit's views of jurisdictional requirements are shifting.

The Individual Plaintiffs also note that the Government received notice of some claims through insurance carriers. [Doc. 163, PageID 5977–79]. According to Individual Plaintiffs, the notices from the Insurance Plaintiffs should satisfy the notice requirements of the FTCA. [*Id.*]. However, looking to the SF–95 administrative claims filed by the Insurance Plaintiffs, they are clearly claims from insurance subrogation and provide a specific loss amount. [*See, e.g., State Farm v. United States*, 3:19–CV–470 (E.D. Tenn. 2018), Doc. 1-2]. Further, the Court notes that this argument was not previously raised by Individual Plaintiffs, and only Mr. Mark McGuire, an attorney for Insurance Plaintiffs, mentioned at oral argument that there was overlap between some of the Individual Plaintiffs and subrogation claims. [Doc. 162, PageID 5943]. Given that this could have been raised before dismissal, it is not properly brought now. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Federal Practice

and Procedure § 2810.1, 127–28 (2d ed.1995))); *Stover v. Amazon.com, LLC,* No. 21–5421, 2022 WL 94608, at *3 (6th Cir. Jan. 10, 2022).

As to their second argument, Individual Plaintiffs argue that denial of their motion would amount to a manifest injustice. [Doc. 163, PageID 5986]. Their argument is based, in part, on a letter from the United States stating:

> Finally, we discussed your concern that if *Reed* was used as a test case, you would not know if there were any jurisdictional defects in your clients' claims that would place any later brought case outside the Federal Tort Claims Act's statute of limitations. As we informed you, the United States cannot waive jurisdictional defects in administrative claims. However, the United States is not now aware of any jurisdictional defects in the 202 administrative claims you have filed on behalf of your clients arising out of the Chimney Tops 2 Fire.

[Doc. 163-1, PageID 5997]. Individual Plaintiffs contend that hundreds of their claims were filed only after receiving this letter and its "assurances" from the United States. [Doc. 163, PageID 5986]. In their reply brief, they go on to state that "the Government has waived or should be estopped from raising the sufficiency of the forms years after telling Plaintiffs' counsel that the forms were sufficient." [Doc. 165, PageID 6125]. However, as this Court previously held, requirements for subject matter jurisdiction are "not capable of waiver or subject to estoppel." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). The Court cannot find that the United States waived a lack of subject matter jurisdiction—a lack of subject matter jurisdiction cannot be waived. Without subject matter jurisdiction, if the Court were to find a manifest injustice, then the Court would still be required to dismiss the cases. Considering the lack of jurisdiction, whether a manifest injustice exists and whether the United States waived its ability to raise the sufficiency of the administrative forms will be addressed in the future, if necessary.

## IV. Conclusion

In conclusion, the notice and administrative exhaustion requirements of the FTCA are jurisdictional in the Sixth Circuit. Therefore, the Court DENIES the following Motions to Alter or Amend Judgments:

- Doc. 163, *Reed v. United States*, 3:18–CV–201 (E.D. Tenn. 2018);
- Doc. 141, *Anculle v. United States*, 3:18–CV–308 (E.D. Tenn. 2018);
- Doc. 142, *Adkins v. United States*, 3:18–CV–310 (E.D. Tenn. 2018);
- Doc. 120, *Vance v. United States*, 3:19–CV–283 (E.D. Tenn. 2019);
- Doc. 119, *Barnes v. United States*, 3:19–CV–296 (E.D. Tenn. 2019);
- Doc. 102, *Abbott v. United States*, 3:20–CV–149 (E.D. Tenn. 2020).

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE