IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL B. REED, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-00201 (Lead) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| BRITTANY ADKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-00310 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| BRITTANY N. HYRE ANCULLE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-00308 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| JAMES CARL VANCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00283 |

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| JACKIE SUE BARNES, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) No. 3:19-CV-00296 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| ALLSTATE FIRE AND CAS. INS. CO., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:19-CV-00474 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| AMERICAN RELIABLE INS. CO. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:19-CV-00469 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant | ) |
| | ) |
| _____ | ) |
| | ) |
| STATE FARM FIRE & CAS. CO. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |

|  |  |  |
|---|---|---|
| v. | ) | No. 3:19-CV-00470 |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 3:19-CV-00472 |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |
| AUTO-OWNERS INS. CO., et al., | ) |  |
|  | ) |  |
| Plaintiffs | ) |  |
|  | ) |  |
| v. | ) | No. 3:19-CV-00478 |
|  | ) |  |
| UNITED STATES OF AMERICA | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter, which arises from the tragic Chimney Tops 2 Fire in Gatlinburg, Tennessee, is before the Court on Plaintiff Scott Tegler's Motion for Stay of Proceedings and Entry of Final Judgment under Fed. R. Civ. P. 54(b) [Doc. 318]; Subrogation Plaintiffs' Motion for Stay, Entry of Judgment and Interlocutory Appeal [Doc. 327]; and Individual Plaintiffs' Motion for Entry of Judgment, Certification for Interlocutory Appeal, and Continuation of Proceedings on Remaining Claims [Doc. 329]. As discussed below, the Court will certify an interlocutory appeal and stay

3

these proceedings pending resolution of the appeal.

## I.      BACKGROUND

Following the tragic Chimney Tops 2 Fire of 2016, the Individual Plaintiffs filed suit in six consolidated cases: *Reed*, *Anculle*, *Adkins*, *Vance*, *Barnes*, and *Abbott*.[1] Each suit raised the same four negligence claims under the Federal Tort Claims Act ("FTCA"): (1) failure to monitor the fire; (2) failure to comply with command structure requirements; (3) failure to adhere to mandatory fire management policies and requirements; and (4) failure to warn. All Individual Plaintiffs were initially represented by the same attorneys. However, subsequently, Plaintiff Scott Tegler, who is a party to the *Vance* case, obtained legal representation separate from the other Individual Plaintiffs. In a separate set of related cases, insurance companies ("Subrogation Plaintiffs") filed suit, alleging essentially the same claims as the Individual Plaintiffs.[2]

On March 31, 2026, after protracted litigation over the question of subject matter jurisdiction, the Court granted the Government's fifth motion to dismiss Plaintiffs' failure to warn claims, based on the discretionary function exception to the FTCA. [Doc. 315]. This decision resulted in a final judgment for the *Abbott* Plaintiffs, who timely appealed. [Docs. 250, 251, Case No. 3:20-CV-149]. However, the other Individual Plaintiffs, including Plaintiff Tegler, and the Subrogation Plaintiffs still have command structure claims pending before the Court. In their respective motions, Plaintiff Tegler and the Subrogation Plaintiffs now ask the Court to certify an

---

[1] *Reed et.al. v. United States,* No. 3:18-CV-00201 (filed in May 2018); *Anculle et al. v. United States,* No. 3:18-CV-00308 (filed in July 2018)*; Adkins et al. v. United States,* No. 3:18-CV-00310 (filed in July 2018)*; Vance et. al., v. United States,* No. 3:19-CV-00283 (filed in July 2019)*; Barnes et. al. v. United States,* No. 3:19-CV-00296 (filed in August 2019)*;* and *Abbott et al. v. United States,* No. 3:20-CV-00149 (filed April 2020)*.* Unless otherwise noted, all EFC record citations refer to the lead case, *Reed*.

[2] *American Reliable Ins. Co. v. United States*, No. 19-CV-00469; *Allstate Ins. Co. v. United States*, No. 19-CV-00474; *State Farm v. United States*, No. 19-CV-00470; *USAA v. United States*, No. 19-CV-00472; and *Auto Owners Ins. Co. v. United States*, No.19-CV-00478 were filed in November 2019.

interlocutory appeal of the Court's Order dismissing their failure to warn claims and to stay proceedings pending resolution of the appeal. [Docs. 318, 327]. The Individual Plaintiffs also seek certification of an interlocutory appeal. [Doc. 329]. However, unlike the other Plaintiffs, they wish to proceed with litigating the incident command claims and therefore, oppose a stay. [*Id.*]. The United States takes no position on Plaintiffs' request for interlocutory appeal, but maintains that in any case, a stay is warranted pending the resolution of the *Abbott* Plaintiffs' appeal. [Doc. 331].

## II. DISCUSSION

Plaintiffs move for permission to pursue an interlocutory appeal under Fed. R. Civ. P. 54(b), or, in the alternative, under 28 U.S.C. § 1292(b). [Doc. 319 at 4, 7; Doc. 328 at 10–11; Doc. 330 at 5, 8]. Rule 54(b) and § 1292(b) share a "basic design" and both allow for "an immediate appeal before an entire case has been determined[.]" 10 Wright & Miller, Fed. Prac. & Proc. Civ. § 2658.2 (4th ed. 2022). However, the rules "address two different situations." *Novacor Chems. Inc. v. GAF Corp.*, 164 F.R.D. 640, 644 (E.D. Tenn. 1996). "Rule 54(b) applies only to adjudications that would be final under [28 U.S.C. § 1291] if they occurred in" a simple single-claim, two party case, whereas § 1292(b) "applies only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case." 10 Wright & Miller, Fed. Prac. & Proc. Civ. § 2658.2 (4th ed. 2022).

As discussed below, the Court views Plaintiffs' failure to warn and command structure claims as sufficiently separate as to constitute separate claims for the purposes of an interlocutory appeal. Hence, Rule 54(b) seems to be the most appropriate mechanism to address Plaintiffs' motions. However, "the   task of ascertaining whether a particular action presents one or more claims a formidable one." *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994). And there is some factual overlap between the two claims. Accordingly, in an abundance of

5

caution, the Court will address Plaintiffs' motion for interlocutory appeal under § 1292(b), as well.

### A. Certification Pursuant to Rule 54(b)

Under Rule 54(b), when an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims, or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Proper certification is a "two-step process." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (quoting *Gen. Acquisition*, 23 F.3d at 1026). "Second, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (quoting *Gen. Acquisition*, 23 F.3d at 1026).

The first step, entry of partial final judgment, requires the Court to determine "whether claims are sufficiently distinct to support entry of final judgment [.]" *Klopfenstein v. Fifth Third Bank*, No. 25-3258, 2026 LX 290088, at *14 (6th Cir. June 4, 2026). While there is no generally accepted test for what constitutes a separate claim, the Sixth Circuit traditionally applies the "operative facts" test. *Planned Parenthood*, 696 F.3d at 500. Under the operative facts test, a claim is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Gen. Acquisition*, 23 F.3d at 1028 (quotations omitted). To apply the operative facts test, a district court must "examine the causes of action as pleaded in the complaint and consider whether they 'seek to recover for the same underlying injury.'" *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005)). "[A] claim may be 'separate' for Rule 54(b) purposes even if it is not 'entirely distinct from all the other claims in the action.'" *Klopfenstein*, 2026 LX 290088, at *14 (citation omitted).

6

Plaintiffs' failure to warn claims are sufficiently distinct from the command structure claims to support a final judgment. They involve a different set of operative facts and separate legal injuries. The failure to warn claims arise from National Park Service policies and regulations requiring it to post current fire information on websites and inform park neighbors of wildfires, whereas the command structure claims focus on operational decision-making, incident management, and firefighting strategy. Moreover, the alleged legal harm underlying the failure to warn claims is the claimants' inability to engage in property damage mitigation and the inability, or reduced ability, to evacuate their persons. In contrast, the alleged legal harm underlying the command structure claim is the invasion of citizens' property rights by the fire being allowed to grow beyond control. As for the finality requirement, the Court's dismissal of Plaintiffs' failure to warn claim for lack of subject matter jurisdiction means that it cannot hear those claims. Thus, it serves as an "ultimate disposition" of them.

Rule 54(b)'s second step requires district courts to "expressly determine that there is no just reason to delay appellate review." *Gen. Acquisition*, 23 F.3d at 1026 (cleaned up). In making this determination, the Court considers various factors such as the relationship between the adjudicated and the unadjudicated claims; the possibility that the reviewing court might have to consider the same issue a second time; and miscellaneous factors such as delay and economic considerations. *Corrosioneering, Inc. v. Thyssen Envtl. Sys. Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (citations omitted). Here, the *Abbott* Plaintiffs' appeal of the Court's Order dismissing the failure to warn claims is already pending in the Court of Appeals. Accordingly, certification of the same jurisdictional issues would provide for single-track litigation and streamline discovery, shorten the overall litigation, and reduce costs, without creating the potential for significant delay. Moreover, there is no possibility that future district court developments will moot the need for

7

review. Therefore, there is no just reason to delay immediate appellate review of the Court's jurisdictional holding.

In sum, certification is warranted pursuant to Rule 54(b).

### B.      Certification under § 1292(b)

A district court has discretion to certify an order for interlocutory appeal under § 1292(b) when "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted). Each of these components is satisfied here.

Under prong one of this three-pronged test, "[a] legal issue is controlling if it could materially affect the outcome of the case." *Id.* at 351 (citations omitted). The Court's dismissal of Plaintiffs' failure to warn claims involves a controlling issue of law because the order was decided on the basis of jurisdiction, which is the "quintessential example of a controlling issue." *In re Am. Reliable Ins. Co.*, No. 22-0507/0508, 2023 U.S. App. LEXIS 11691, at *7–8 (6th Cir. May 11, 2023).

Under prong two, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (a substantial ground for difference of opinion exists where "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions[.]") (citations omitted). Deciding the applicability of the FTCA's discretionary function exception to Plaintiffs' failure to warn claims requires case-specific determinations

8

without clear binding precedent. While the Court believes the Order dismissing the failure to warn claims correctly applied the requisite legal principles, the Court recognizes that reasonable jurists could disagree as to the applicability of the discretionary function exception to those claims. Hence, a substantial ground for difference of opinion exists.

As to prong three, "an immediate appeal is said to advance the ultimate termination of litigation if it would 'appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination.'" *Jackson v. City of Cleveland*, 219 F.Supp.3d 639, 644 (N.D. Ohio 2016) (quoting *Trimble v. Bobby*, No. 5:10-CV-00149, 2011 U.S. Dist. LEXIS 54142, at *2 (N.D. Ohio May 20, 2011)). As noted above, immediate appeal will materially advance the ultimate termination of litigation by streamlining discovery, shortening the overall litigation, and reducing costs by providing for single-track litigation.

In sum, certification is warranted under § 1292(b).

### C. Stay Pending Interlocutory Appeal

Finally, the Court must decide whether to stay these proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). When considering whether to enter a stay, the Court considers various factors, including the potential prejudice to the non-moving party, the hardship to the moving party absent a stay, and judicial economy. *See PartyLite Gifts, Inc. v. Swiss Colony Occasions*, No. 3:06-CV-170, 2007 U.S. Dist. LEXIS 59965, at *2–3 (E.D. Tenn. Aug. 14, 2007) (citing *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004)).

9

The Court agrees with Subrogation Plaintiffs, Plaintiff Tegler, and the United States that the parties' interests and judicial efficiency will be served by a stay. A stay will prevent piecemeal appeals related to the command structure claim; allow the parties to present all valid claims to the trier of fact together in a single track; and streamline future discovery and reduce costs. As Subrogation Plaintiffs point out, "because many of the same witnesses and evidence are involved in both the failure to warn and fire management claims, if the Plaintiffs are successful on appeal, it would become necessary to re-depose witnesses and re-engage in broader discovery from the same sources." [Doc. 322 at 8]. Therefore, in the interests of reducing costs and promoting judicial efficiency, a stay is warranted.

Individual Plaintiffs argue that "[f]urther delay risks the erosion of critical evidence, including witness memory, and prolong the resolution of claims that have already been pending for years." [Doc. 330 at 12]. In addition, Individual Plaintiffs claim that a stay "would serve no useful purpose" because discovery on the command structure claims "will be necessary in any event and can proceed without prejudice to the appellate process." [*Id.* at 12–13]. However, the Court does not believe that the interlocutory appeal will unduly prolong these proceedings. And all parties will benefit from knowing if the failure to warn claims will be reinstated before proceeding on the merits of the command structure claim.

Accordingly, the motions for a stay will be granted.

### III.  CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1.  Subrogation Plaintiffs and Plaintiff Tegler's motions [Docs. 318, 327] are **GRANTED**;

2. Individual Plaintiffs' motion [Doc. 329] is **GRANTED in PART** as to their request for interlocutory appeal pursuant to Rule 54(b) and/or 28 U.S.C. § 1292(b) and **DENIED in PART** as to their request to continue with proceedings during the pendency of the interlocutory appeal;

3. The Court's dismissal of Plaintiffs' failure to warn claims is **CERTIFIED** pursuant to Federal Rule of Civil Procedure Rule 54(b);

4. Alternatively, the Court's Order dismissing Plaintiffs' failure to warn claims is **CERTIFIED** pursuant to 28 U.S.C. § 1292(b); and

5. The Clerk is **DIRECTED** to stay this action upon the parties' filing of their notices of appeal.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

11